## STATE v. EDWARD TURNER POWELL.

(Filed 8 March, 1961.)

**1. Automobiles § 75: Criminal Law § 134—**

In order to sustain the imposition of a higher penalty provided by statute for repeated convictions of a similar offence, the indictment must allege the prior conviction or convictions, and the matter must be established by the verdict of the jury in the absence of judicial admission by defendant.

**2. Criminal Law § 108—**

An instruction to the jury may not assume as true the existence or nonexistence of any material fact in issue.

**3. Criminal Law § 151—**

The record imports verity and the Supreme Court is bound thereby.

**4. Criminal Law § 87½—**

While no proof is necessary of a fact stipulated or admitted, and no particular form is required of a stipulation, a stipulation must be definite and certain.

**5. Same—**

Agreement of defense counsel that the record introduced by the solicitor was the official record of an inferior court is not an admission by defendant that defendant had theretofore been convicted of a similar offense, nor will the silence of defendant in the face of the subsequent remark of the solicitor that such record showed that defendant had theretofore been convicted of a similar offense, bind defendant, since the remark of the solicitor does not contain a statement that the defendant admitted the truth of the fact therein stated.

**6. Automobiles § 75: Criminal Law § 134—**

The admission of the authenticity of the record of an inferior court introduced by the solicitor is not an admission by the defendant that he had been theretofore convicted of a similar offense, even though the record shows a conviction of a similar offense, G.S. 15-147, there being no admission by defendant that he was the person referred to in the record, and an instruction assuming that defendant had made such admission must be held for error.

**7. Criminal Law § 161—**

An instruction by the court which erroneously assumes that defendant admitted he had theretofore been convicted of a similar offense cannot be held harmless even though the evidence is amply sufficient to support conviction of the offense charged, since the jury might have considered defendant's purported stipulation or admission of a former conviction as bearing upon his credibility.

**8. Criminal Law § 112—**

It is not error for the court to recite the testimony of the defendant in stating the contentions of the parties, since the contentions arise upon the evidence and the reasonable inferences therefrom.

APPEAL by defendant from *Bundy, J.,* November 1960 Criminal Term, of CARTERET.

This is a criminal action.

Indictment: ". . . Edward Turner Powell . . . on the 11th day of June, 1960 . . . did . . . operate an automobile upon the public highways of Carteret County while . . . under the influence of intoxicating liquors . . ., this being his second offense, he . . . having been convicted of operating a motor vehicle upon the public highways of Carteret County while . . . under the influence of intoxicating liquors in the Recorder's Court of Carteret County on October 9, 1958 . . . ."

Plea: Not guilty.

Verdict: ". . . guilty as charged with operating an automobile upon public highways of Carteret County while . . . under the influence of intoxicating liquors . . . this being his second offense."

Judgment: $200.00 fine and costs.

Defendant appeals and assigns error.

*Attorney General Bruton and Assistant Attorney General Moody for the State.*

*Thomas S. Bennett for the defendant.*

MOORE, J. After the jury was impanelled and before any witness had been called by the State, the following transpired.

"MR. ROUSE (Solicitor): First of all I would like to introduce into the record in the case, which we stipulate they are the official records of the County Recorder's Court of Carteret County, Mr. Bennett?

"MR. BENNETT (Defense Counsel): Yes Sir.

"MR. ROUSE: The record shows the defendant was charged with driving drunk, was found guilty as charged, September the 10, 1958; I believe that would be all that is pertinent.

"COURT: Of what?

"MR. ROUSE: Driving drunk.

"COURT: Superior Court of this County?

"MR. ROUSE: In the County Recorder's Court of Carteret County."

Thereafter, none of the evidence adduced at the trial makes reference to a former conviction of defendant for drunken driving. Defendant testified in his own behalf and was not examined either on direct or cross-examination with respect to a prior conviction for this offense.

The court charged the jury: "In support of his contention that the defendant is guilty as charged, first the defendant stipulates, that is, he agrees in open court through his counsel for him, formally that the defendant was convicted in the recorder's court of this county for driving under the influence of intoxicating liquors on September the 10th, 1958."

The court's final instruction to the jury was as follows: "If you find beyond a reasonable doubt that he was driving and that at the time he was driving he was on the highway and at the time he was under the influence of intoxicating liquors as that term has been explained to you, then it would be your duty to return a verdict of guilty; otherwise, not guilty."

Defendant contends that these instructions assume, as true, that there had been a prior conviction of defendant for drunken driving on 10 September 1958, that the allegation of former conviction was controverted by defendant's plea of not guilty, and that the issue of prior conviction had not been withdrawn from the jury by judicial admission or stipulation.

Where a statute prescribes a higher penalty in case of repeated convictions for similar offenses, an indictment or warrant for a subsequent offense must allege the prior conviction or convictions, and in the absence of judicial admission by defendant the question as to whether or not there was a former conviction is for the jury, not for the court. *State v. Cole,* 241 N.C. 576, 583, 86 S.E. 2d 203. An instruction to the jury may not assume as true the existence or nonexistence of any material fact in issue. *State v. Cuthrell,* 235 N.C. 173, 69 S.E. 2d 233.

It is apparent that the trial judge and solicitor understood defendant to stipulate that he had been previously convicted of drunken driving on 10 September 1958. The solicitor offered in evidence a record of the Recorder's Court of Carteret County. Counsel for defendant stipulated that it was an official record of that court. The solicitor then said: "The record shows the defendant was charged with driving drunk, was found guilty as charged, September 10, 1958." To this statement defendant made no response. Thereafter, no evidence was offered by the State or defendant as to whether or not defendant

was the person referred to in the record, or whether or not defendant had been previously convicted on a charge of driving under the influence.

Parenthetically, "the subject matter of a judicial admission ceases to be an issue in the case, and evidence thereafter offered by either party in affirmance or denial of the admitted fact is objectionable on the ground of irrelevancy." Stansbury: North Carolina Evidence, s. 166, p. 353.

The court and solicitor undoubtedly assumed that there had been a full and complete admission of defendant's prior conviction. If the State and defendant had an understanding and agreement on this point prior to the introduction of the Recorder's Court minutes, the record on appeal does not disclose it. If there was a misunderstanding, the record before us does not disclose any effort on defendant's part to correct the court's impression. Defendant's assignments of error based upon the foregoing incidents of the trial appear to be afterthoughts.

"No proof of stipulated or admitted facts, or of matters necessarily implied thereby, is necessary, the stipulations being substituted for proof and dispensing with evidence . . . ." 83 C. J. S., Stipulations, s. 24b(3), p. 63. "While a stipulation need not follow any particular form, its terms must be definite and certain in order to afford a basis for judicial decision, and it is essential that they be assented to by the parties or those representing them. Silence, under some circumstances, may be deemed assent . . . ." *ibid*, s. 3. p 3. These principles apply in both civil and criminal cases. Thus, where the State's attorney, in a trial of one for rape, announced in open court that defense counsel was willing to stipulate that defendant and prosecutrix were not man and wife, and defense counsel made no objection and by his conduct indicated acquiescence, it was held that the failure to object must be regarded as assent. *State v. Seeb* (N.D. 1949), 37 N. W. 2d 341. See also *U.S. v. Monroe* (CCA 2C 1947), 164 F. 2d 471.

In the instant case, notwithstanding the apparent assent and acquiescence of defendant, the record does not show that the terms of the stipulation were "definite and certain." We are bound by the record. It imports verity. *State v. Snead*, 228 N.C. 37, 39, 44 S.E. 2d 359. Defendant stipulated that the court minutes offered in evidence were an official record of the Recorder's Court of Carteret County. When the solicitor stated the contents of the record and purported to apply them to defendant, defendant remained silent. The solicitor did not state that defendant admitted the truth of the matters contained in the Recorder's Court record or that defendant stipulated that he was the person referred to in the record. The purported stipulation was

not definite and certain on this phase. This is the feature that distinguishes this from the *Seeb* case. An unilateral statement by the solicitor may not be considered as evidence. Silence will not be construed as assent thereto unless the solicitor specifies that assent has been given. The court inadvertently fell into error by not insisting upon a full, complete, definite and solemn admission and stipulation.

Where a person is charged in a bill of indictment or warrant with an offense which, on the second conviction thereof, is punishable with a greater penalty than on the first conviction, and the indictment or warrant alleges a prior conviction, "a transcript of the record of the first conviction, duly verified, shall, upon proof of the identity of the person of the offender, be sufficient evidence of the first conviction." G.S. 15-147. *State v. Stone,* 245 N.C. 42, 44, 95 S.E. 2d 77. The verdict of the jury "should spell out, first, whether the jury find the defendant guilty of the violation of G.S. 14-138 charged in the warrant or indictment, and if so, whether they further find that he was convicted of" the alleged prior violation thereof. *State v. Stone, supra.* While it is not required, it would not be amiss to submit to the jury written issues.

When a case involving a former conviction is presented to the jury under proper instructions, the failure of the jury to find that there was a former conviction does not necessarily defeat the entire prosecution and require a general verdict of not guilty. The jury may return a verdict of guilty of a violation of G.S. 14-138 and a verdict that there has been no prior conviction under that section. *State v. Stone, supra.* In such event the punishment shall be as in case of a first conviction, and if it appears that the court might have considered a former conviction in sentencing defendant, the cause will be remanded for resentence. *State v. Swaringen,* 249 N.C. 38, 105 S.E. 2d 99; *State v. White,* 246 N.C. 587, 99 S.E. 2d 772; *State v. Miller,* 237 N.C. 427, 75 S.E. 2d 242.

In the instant case, the jury returned a verdict of guilty as charged in the bill of indictment. This of necessity was predicated upon the purported stipulation by defendant. There was sufficient evidence to support a conviction for violation of G.S. 14-138. But the evidence of former conviction was insufficient. The jury may have considered the purported stipulation of former conviction as bearing upon the credibility of defendant. This factor could have been the controlling consideration in returning a verdict of guilty of violating G.S. 14-138. There must be a new trial.

The other assignments of error do not merit extended discussion. The matters therein complained of probably will not recur upon a retrial. However, it is appropriate to point out that it is not error for

the court, in giving the contentions of the parties, to recite the testimony of defendant and other witnesses as a basis for the contentions. Indeed, contentions arise upon the evidence and the reasonable inferences to be drawn therefrom. *State v. Burnette,* 242 N.C. 164, 87 S.E. 2d 191; *State v. DeMai,* 227 N.C. 657, 44 S.E. 2d 218; *State v. Grainger,* 223 N.C. 716, 28 S.E. 2d 228.

New trial.