STATE OF NORTH CAROLINA v. FREDDIE SMITH

No. 43

(Filed 21 December 1976)

1. **Criminal Law § 78— admission or stipulation by defendant — element of crime — validity**

    Nothing in the State or Federal Constitutions nor in our case law prevents the defendant himself from making a judicial admission or stipulation to an undisputed fact, albeit the fact is essential to the State's case.

2. **Constitutional Law § 29; Criminal Law §§ 78, 141— admission of prior convictions — constitutionality of statute**

    The statute permitting a defendant to admit a previous conviction required to be charged by the State in a special pleading or separate count when such conviction is an element of the offense affecting punishment, G.S. 15A-928, does not deprive the defendant of his right to a jury trial since the statute merely allows a defendant, by judicially admitting his prior convictions, to preclude the State from adducing evidence of them and to require the judge to submit the case to the jury without reference to them as if previous convictions were not an element of the offense.

3. **Criminal Law § 141— prior conviction as element of offense — purpose of proof — instructions**

    Where the defendant denies a previous conviction which constitutes an element of the offense affecting punishment, the State must prove this element of the offense charged beyond a reasonable doubt, but when such evidence is introduced it is relevant only to the issue whether defendant has previously been convicted of an offense identical to the offense charged, and the judge must charge the jury that they shall not consider such a prior conviction in passing upon his guilt or innocence of the primary charge.

ON petition for discretionary review under G.S. 7A-31 (b) (2). Appeal by State from *Judge Perry Martin,* 3 May 1976 Criminal Session of the Superior Court of LENOIR.

On 30 November 1975 defendant, Freddie Smith, was charged in a uniform traffic citation with driving under the influence of intoxicating liquor in violation of G.S. 20-138 (a), his fourth offense. The citation incorporated a detailed statement of his previous three convictions for the same offense. Upon his trial in the District Court on 6 January 1976, defendant pled not guilty and was found guilty as charged. From a sentence of imprisonment he appealed to the Superior Court. When defendant gave notice of appeal, as required by G.S. 15A-928 (d) for *de novo* trial in the Superior Court, the District

Attorney filed "superseding statements" of the charges, separately alleging the substantive offense of operating a motor vehicle on the public highway while under the influence of intoxicating liquor and the facts of defendant's prior convictions for violations of G.S. 20-138(a).

Upon his arraignment at the 3 May 1976 Criminal Session of the Superior Court, prior to entering his plea to the charges against him, defendant moved to quash "the entire statement of charges on the grounds that the statutes under which the statement is drawn, [G.S. 15A-928] . . . is unconstitutional, [and] deprives the defendant, Freddie Smith, of his right to trial by jury. . . . " Whereupon, Judge Martin summarily entered judgment "that the defendant's motion to quash the statement of charges is allowed for that the statutory scheme allowing such a two-count statement of charges when a multiple offense of driving under the influence is charged is unconstitutional under the U. S. and North Carolina Constitutions."

From this judgment the State appealed, and we allowed its petition for certification to this Court for initial appellate review under G.S. 7A-31(b)(2).

*Attorney General Rufus L. Edmisten; Associate Attorney Jack Cozort for the State.*

*Turner and Harrison for defendant-appellee.*

SHARP, Chief Justice.

Section (a) of G.S. 15A-928 (1975 Replacement) provides, *inter alia:* "When the fact that the defendant has been previously convicted of an offense raises an offense of lower grade to one of higher grade and thereby becomes an element of the latter," an indictment or information charging the higher offense may not allege the previous conviction.

Section (b) requires that an indictment or information charging "the higher offense" referred to in (a) "be accompanied by a special indictment or information, filed with the principal pleading, charging that the defendant was previously convicted of a specified offense. At the solicitor's option" this special pleading "may be incorporated in the principal indictment as a separate count." (This section limits the State's use of this special pleading as provided in Section (c).)

Section (c) allows the defendant, at the time of his arraignment and in the absence of the jury, to choose whether he will contest the issue of his prior conviction or convictions. If he admits the alleged previous conviction, Section (c) (1) requires the judge to submit the issue of his guilt of the principal charge to the jury without reference to such previous conviction and as if it were not an element of the offense. If the defendant denies the previous conviction or remains silent, Section (c) (2) permits the State to "prove that element of the offense charged before the jury as part of its case."

Section (d) provides that in trials *de novo* in the superior court upon an appeal from the district court, when the fact of a previous conviction is an element of the offense affecting punishment, "the State must replace the pleading in the case with superseding statements of charges separately alleging the substantive offense and the fact of any prior conviction, in accordance with the provisions of this section relating to indictments and informations." Jury trials in the superior court on such appeals must be held in accordance with the provisions of sections (b) and (c).

The defendant attacks the constitutionality of G.S. 15A-928 on the ground it violates N. C. Const. art. I, § 24 in that "it permits the question of the defendant's guilt of mutiple offenses to be determined without submission of the entire case to the jury." His premise is as follows: An accused cannot waive a trial by jury as long as his plea remains not guilty. "Therefore, as long as the plea is not guilty, the defendant cannot waive the jury trial as to any element of the crime charged. *State v. Camby*, 209 N.C. 50." Since G.S. 15A-928 (c) permits a defendant to admit the previous convictions charged in the State's special pleading or separate count, it "clearly permits a defendant to waive a portion of his jury trial." Thus, the statute is unconstitutional.

[1] Defendant's syllogism is devoid of merit. The case of *State v. Camby*, 209 N.C. 50, 182 S.E. 715 (1935) does not support the proposition for which defendant cites it. *Camby* holds that when the defendant in a criminal prosecution in the superior court enters a plea of not guilty he cannot waive his constitutional right to a jury trial *and have the judge hear and determine his guilt or innocence;* that as long as his plea is not guilty the determinative facts cannot be referred to *the*

*judge* even by defendant's consent—they must be found by the jury. This pronouncement remains the law today. *See State v. Norman,* 276 N.C. 75, 170 S.E. 2d 923 (1969); *Still v. Muse,* 219 N.C. 226, 13 S.E. 2d 229 (1941). However, nothing in the State or Federal Constitutions nor in our case law prevents the defendant himself from making a judicial admission or stipulating to an undisputed fact, albeit the fact is essential to the State's case.

The rule is succinctly stated in *State v. McWilliams,* 277 N.C. 680, 178 S.E. 2d 476 (1971), a case in which the defendant, who was indicted for murder, judicially admitted the cause of the deceased's death. In writing the Court's opinion, Justice Huskins said with reference to the defendant's admission, "This is sufficient to remove the cause of death from contention and constitutes an admission that the head wound inflicted by defendant was fatal. . . . A stipulation of fact is an adequate substitute for proof in both criminal and civil cases. *State v. Powell,* 254 N.C. 231, 118 S.E. 2d 617 (1961). 'Such an admission is not evidence, but rather removes the admitted fact from the field of evidence by formally conceding its existence. It is binding in every sense, preventing the party who makes it from introducing evidence to dispute it, and relieving the opponent of the necessity of producing evidence to establish the admitted fact. In short the subject matter of the admission ceases to be an issue in the case. . . . ' Stansbury, North Carolina Evidence (2d Ed. 1963), § 166." *Id.* at 686, 178 S.E. 2d at 480. *See State v. Mitchell,* 283 N.C. 462, 469, 196 S.E. 2d 736, 740 (1973).

The case of *State v. Powell,* cited in the foregoing excerpt from *State v. McWilliams,* was a prosecution for the second offense of operating a motor vehicle upon the public highway while under the influence of intoxicating liquors. In *Powell,* the Court said: "Where a statute prescribes a higher penalty in case of repeated convictions for similar offenses, an indictment or warrant for a subsequent offense must allege the prior conviction or convictions, and *in the absence of judicial admission by defendant* the question as to whether or not there was a former conviction is for the jury, and not for the court." (Emphasis added.) 254 N.C. at 233, 118 S.E. 2d at 619. In such a case the law is clear that the defendant may stipulate the previous convictions charged against him.

[2, 3]   The effect of G.S. 15A-928(c) is not to deprive the defendant of a jury trial. It merely allows defendant, by judicially

admitting his prior convictions, to preclude the State from adducing evidence of them and to require the judge to submit the case to the jury without reference to them and as if previous convictions were not an element of the offense. Where the State's allegation of a prior conviction or convictions is true, the benefit to the defendant of this provision is obvious. Where the defendant denies the previous conviction the State must prove this element of the offense charged beyond a reasonable doubt. *See* G.S. 15A-924(6)(d). When such evidence is introduced it is relevant only to the issue whether defendant has previously been convicted of an offense identical to the substantive offense charged, and the judge must charge the jury that they shall not consider such a prior conviction in passing upon his guilt or innocence of the primary charge. *Spencer v. Texas,* 385 U.S. 554, 17 L.Ed. 2d 606, 87 S.Ct. 648 (1967).

For the reasons stated we hold that G.S. 15A-928 is immune to the attack which defendant makes upon it. Accordingly the judgment of Judge Perry Martin is

Reversed.