STATE OF NORTH CAROLINA v. VICTOR LEE FORD, JR.

No. 8412SC185

(Filed 20 November 1984)

**Criminal Law §§ 78, 141.1— stipulation of prior convictions—higher degree of crime**

In a prosecution for breaking or entering two coin-operated machines, defendant's stipulation, pursuant to G.S. 15A-928, that he had been convicted

of breaking into coin-operated machines on three earlier occasions was not ineffective because it was made immediately before the trial began and not "after commencement of the trial and before the close of the State's case" as the statute provides; therefore, defendant was bound by the stipulation, and he was convicted in the present case of felonies rather than misdemeanors. G.S. 14-56.1.

APPEAL by defendant from *Johnson, Judge.* Judgments entered 27 April 1983 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 18 October 1984.

Defendant was convicted of breaking into two coin-operated machines in violation of G.S. 14-56.1.

*Attorney General Edmisten, by Associate Attorney General Barbara Peters Riley, for the State.*

*Appellate Defender Stein, by Assistant Appellate Defender Malcolm Ray Hunter, Jr., for defendant appellant.*

PHILLIPS, Judge.

G.S. 14-56.1 provides that one who breaks or enters a coin-operated machine with the intent to steal any property therein shall be guilty of a general misdemeanor unless he has been convicted of violating the statute before, in which case the offense is a Class H felony. The primary indictment charging defendant with two violations of this statute was supplemented by a special indictment in accord with G.S. 15A-928, alleging that he had been convicted of the same offense on three prior occasions. The defendant's convictions under the primary indictment are not contested by this appeal; the only question presented is whether the crimes he was convicted of were felonies, as the court ruled, or misdemeanors, as defendant contends. Defendant's contention is based on the State's alleged failure to prove that defendant had been convicted of the same offenses before. But the State did not have to prove the prior convictions, because the defendant and his lawyer stipulated to them in open court. *State v. Powell,* 254 N.C. 231, 118 S.E. 2d 617 (1961). Immediately before the trial began, as the record shows, defendant's counsel stipulated that the special indictment's allegation that defendant had been convicted of breaking into coin-operated machines on three earlier occasions, as specified therein, was correct; after which the court

discussed the implications of the stipulation and asked defendant if he understood and agreed to it, and defendant answered, "Yes, sir" to both questions.

The procedure followed with respect to the prior convictions was authorized by G.S. 15A-928, and defendant's contention that the stipulation was ineffective because it was not made "after commencement of the trial and before the close of the State's case," as that statute provides, is without merit. The purpose of that statute, which is for the benefit of defendants charged with prior convictions, is not to require that the procedures referred to therein be accomplished at a certain time and no other, which would be pointless. Its purpose is to insure that defendants are informed of the prior convictions they are charged with and are given a fair opportunity to either admit or deny them before the State's evidence is concluded; because, as the statute makes plain, if the convictions are denied, the State can then present proof of that element of the offense to the jury, but cannot do so if the prior convictions are admitted. Since the record clearly shows that defendant was accorded the opportunity that the statute requires and chose to admit the convictions, rather than permit the jury to be informed about them, he is bound thereby.

> [N]othing in the State or Federal Constitutions nor in our case law prevents the defendant himself from making a judicial admission or stipulating to an undisputed fact, albeit the fact is essential to the State's case.

*State v. Smith*, 291 N.C. 438, 441, 230 S.E. 2d 644, 646 (1976).

No error.

Judges HEDRICK and BECTON concur.