TYSON, Judge.
 

 *137
 
 Eric Moore ("Defendant") appeals from the trial court's order, which imposed satellite-based monitoring ("SBM") for the remainder of Defendant's natural life. We reverse the SBM order, and remand.
 

 I. Background
 

 On 27 October 2015, Defendant appeared before the trial court for a determination of whether he should be required to enroll in the SBM program pursuant to
 
 N.C. Gen. Stat. § 14-208.40
 
 (a). The prosecutor orally informed the court that Defendant had two relevant prior convictions. According to the prosecutor's statement, Defendant was convicted of second-degree sexual offense in 1989. In 2006, Defendant was convicted of attempted second-degree sexual offense. The trial court found Defendant is a recidivist, and ordered him to enroll in SBM for the remainder of his natural life.
 

 II. Issues
 

 Defendant argues the trial court erred by: (1) finding that Defendant obtained two prior convictions and he is a recidivist, where the findings are not supported by competent evidence;
 

 *542
 
 and (2) finding both of Defendant's prior convictions are "reportable convictions" under
 
 N.C. Gen. Stat. § 208.6
 
 (4) where both offenses occurred prior to 1 December 2006.
 

 III. Standard of Review
 

 "[W]e review the trial court's findings of fact [of an order on SBM] to determine whether they are supported by competent record evidence, and we review the trial court's conclusions of law for legal accuracy and to ensure that those conclusions reflect a correct application of law to the facts found."
 
 State v. Kilby
 
 ,
 
 198 N.C.App. 363
 
 , 367,
 
 679 S.E.2d 430
 
 , 432 (2009) (citation and quotation marks omitted). This Court reviews the trial court's interpretation and application of the statutory procedure to impose SBM
 
 de novo
 
 .
 
 State v. Davison
 
 ,
 
 201 N.C.App. 354
 
 , 357,
 
 689 S.E.2d 510
 
 , 513 (2009),
 
 disc. review denied
 
 ,
 
 364 N.C. 599
 
 ,
 
 703 S.E.2d 738
 
 (2010).
 

 IV. Evidence of Defendant's Prior Convictions
 

 Defendant argues the trial court erred by finding he is a recidivist, where the only evidence the State presented to the court was the oral statement of the prosecutor that Defendant had obtained reportable offenses in 1989 and 2006. We agree.
 

 *138
 
 If an individual has been convicted of certain "reportable" offenses as defined by
 
 N.C. Gen. Stat. § 14-208.6
 
 (4) and no prior court has determined whether he is required to enroll in SBM, the Department of Adult Corrections is required to make an initial determination of whether the offender falls into one of the three alternate categories set forth in
 
 N.C. Gen. Stat. § 14-208.40
 
 (a).
 
 N.C. Gen. Stat. § 14-208
 
 .40B(a) (2015).
 

 If the Department of Adult Corrections preliminarily determines the individual meets the criteria for SBM enrollment, prior notice is provided, and the matter is scheduled to be heard before the superior court.
 
 N.C. Gen. Stat. § 14-208
 
 .40B(b). "At the hearing, the court shall determine if the offender falls into one of the categories described in [N.C. Gen. Stat. §] 14-208.40(a). The court shall hold the hearing and make findings of fact pursuant to [N.C. Gen. Stat. §] 14-208.40A."
 
 N.C. Gen. Stat. § 14-208
 
 .40B(c) (2015).
 

 N.C. Gen. Stat. § 14-208
 
 .40A sets forth the procedures the trial court must follow to determine whether the offender meets the requirements for the court to order SBM. The statute provides the "district attorney shall present to the court any
 
 evidence
 
 " that the offender falls into one of the enumerated categories.
 
 N.C. Gen. Stat. § 14-208
 
 .40A(a) (2015) (emphasis supplied). "After receipt of the
 
 evidence
 
 from the parties, the court shall determine whether the offender's conviction places the offender in one of the categories described in [N.C. Gen. Stat. §] 14-208.40(a)."
 
 N.C. Gen. Stat. § 14-208
 
 .40A(b) (emphasis supplied).
 

 Neither the Judgment and Commitment for Defendant's 1989 conviction, nor his 2006 conviction, or any certified transcript of Defendant's prior offenses, were offered into evidence at the SBM hearing. These records were also not contained in the Pitt County Clerk of Court's file for this hearing. Defendant's "Computerized Criminal History," contained in the record on appeal, was also not offered into evidence.
 

 The State concedes neither witness testimony nor documentary "evidence" was presented to establish Defendant's prior criminal history, and that statements made to the court by the prosecutor and defense counsel constituted the only basis to find Defendant had been convicted of two qualifying sexual offenses.
 

 When the State called the case before the court, the following exchange occurred:
 

 PROSECUTOR: I have verified his complete criminal history and I've verified the GPS arrangement with him.
 

 *139
 
 THE COURT: All right. I'll be happy to hear you ma'am.
 

 PROSECUTOR: Your Honor, he qualified for lifetime satellite-based monitoring based on the fact that he is a recidivist. He has two convictions. One 2006 for sexual offense secondary attempted, and in 1989 he was convicted of sexual offense again again [sic], second degree and served a sentence....
 

 THE COURT: So you're asking me to [impose] lifetime satellite based monitoring?
 

 *543
 
 PROSECUTOR: Yes, we are.
 

 An unnamed probation officer was present "just to answer questions" and responded to the court that Defendant was a "high risk of re-arrest, level 2, [and], the Static 99 was moderate to low risk with a score of 3." Defense counsel then addressed the court and argued the imposition of lifetime SBM on Defendant is unreasonable and unconstitutional, and also argued Defendant is not a recidivist as defined by the statute.
 

 Defense counsel stated during his argument to the court:
 

 I would submit to the Court that it an (inaudible) factor and especially in this case where he got two convictions, one conviction that he required to register and the second conviction that didn't, would not had [sic] been based on offense date or conviction date (inaudible) prior to have satellite-based monitoring. He calls in (inaudible) released from prison on or after the effective date of the new law or portion of that.
 

 Defense counsel later stated:
 

 [G]iven the totality of circumstances as it applies to, [Defendant] that it's unreasonable, sir. He has two (inaudible) some years apart, one that didn't even require him to register. He served a period of time ... in prison for that, got out, and obviously, and Your Honor, can tell he was not required to register for the first one and I have a registration printout off ... the website, doesn't require him to register for the first one. You can tell he didn't spend a tremendous amount of time in prison (inaudible). Then fast forward to 2006 ... and he's convicted of attempted second degree rape in Lenoir County, serves several years in prison, gets out (inaudible), he's on what I presume is
 
 *140
 
 five years (inaudible). He's being supervised. They know where he is .... [W]hen you look at Static 99 he comes back as a (inaudible). This is not someone who comes in with Static 99 who is at high risk for re-offending. ... Your Honor, ... you can see in 1999 [sic] he was only 19 years old at the time. Very, very young
 

 The State argues Defendant's counsel identified and discussed the prior convictions at the SBM hearing in the course of his argument to the court. The State asserts defense counsel's argument was a stipulation and furnished the trial court with sufficient "evidence" to conclude Defendant is a recidivist as defined by the statute.
 

 A. Required Proof
 

 "An unilateral statement by the solicitor may not be considered as evidence."
 
 State v. Powell
 
 ,
 
 254 N.C. 231
 
 , 235,
 
 118 S.E.2d 617
 
 , 620 (1961) ;
 
 see also
 

 State v. Wilson
 
 ,
 
 340 N.C. 720
 
 , 727,
 
 459 S.E.2d 192
 
 , 196 (1995) (unsworn statement of the prosecutor insufficient to support an award of restitution). Something more than unsworn statements, which are unsupported by any documentation, is required as evidence under the statute to allow the trial court to impose lifetime SBM on an individual. The State concedes no "evidence" was presented by the prosecutor to the trial court of Defendant's prior convictions.
 

 The Supreme Court of the United States has recently reviewed and discussed the search and seizure implications of North Carolina's SBM program on an individual's freedom under the Fourth Amendment.
 
 Grady v. North Carolina
 
 , --- U.S. ----, ----,
 
 135 S.Ct. 1368
 
 , 1371,
 
 191 L.Ed.2d 459
 
 , 461-62 (2015) ("The State's [SBM] program is plainly designed to obtain information. And since it does so by physically intruding on a subject's body, it effects a Fourth Amendment search.")
 

 This Court has previously explained: "A stipulation to prior convictions has been held as sufficient for purposes of determining prior record level in felony sentencing, which is a criminal proceeding; we believe that if this proof is sufficient for sentencing purposes, it is also sufficient for purposes of SBM, which is a civil regulatory proceeding."
 
 State v. Arrington
 
 ,
 
 226 N.C.App. 311
 
 , 316,
 
 741 S.E.2d 453
 
 , 457 (2013) (citing
 
 State v. Powell
 
 ,
 
 223 N.C.App. 77
 
 , 80,
 
 732 S.E.2d 491
 
 , 494 (2012) ). The question before us is whether defense counsel's statements to the court constituted a stipulation to Defendant's two prior convictions to allow the trial court to impose lifetime SBM.
 

 *141
 

 *544
 

 B. Defendant's Stipulations
 

 Our Supreme Court has held that a mere prior record level worksheet submitted to the trial court by the State, is insufficient, standing alone, to establish a defendant's prior record level.
 
 State v. Alexander
 
 ,
 
 359 N.C. 824
 
 , 827,
 
 616 S.E.2d 914
 
 , 917 (2005). In numerous cases, this Court has addressed whether oral statements of defense counsel constituted a stipulation to the defendant's prior convictions, which supports the defendant's prior record level. An oral exchange between defense counsel and the court following presentation of the prior record level worksheet may constitute a stipulation the defendant obtained the prior convictions as shown on the worksheet.
 
 Id
 
 . at 828-29,
 
 616 S.E.2d at 917
 
 .
 

 " 'While a stipulation need not follow any particular form, its terms must be definite and certain in order to afford a basis for judicial decision, and it is essential that they be assented to by the parties or those representing them. Silence, under some circumstances, may be deemed assent....'
 
 Id
 
 . (quoting
 
 Powell
 
 ,
 
 254 N.C. at 234
 
 ,
 
 118 S.E.2d at
 
 619 )."
 

 In
 
 Alexander
 
 , the Court held that defense counsel's statements to the court demonstrated he "was cognizant of the contents of the worksheet, but also that he had no objections to it."
 
 Id
 
 . at 830,
 
 616 S.E.2d at 918
 
 .
 
 See also
 

 State v. Eubanks
 
 ,
 
 151 N.C.App. 499
 
 , 506,
 
 565 S.E.2d 738
 
 , 743 (2002) ("[T]he statements made by the attorney representing defendant in the present case may reasonably be construed as a stipulation by defendant that he had been convicted of the charges listed on the worksheet.");
 
 State v. Hanton
 
 ,
 
 140 N.C.App. 679
 
 , 690,
 
 540 S.E.2d 376
 
 , 383 (2000) (defense counsel's statement that there was no disagreement about the defendant's prior convictions "might reasonably be construed as an admission by defendant that he had been convicted of the other charges appearing on the prosecutor's work sheet").
 

 In all the aforementioned cases, the State had presented the court with a prior record level worksheet, which contained the date and a description of the prior convictions, the classes of offense, the file numbers, and the county where each conviction was obtained. Here, the State produced and presented nothing but a bare oral assertion of Defendant's prior convictions.
 

 A statement by defense counsel may constitute a stipulation where it is "definite and certain."
 
 State v. Mumford
 
 ,
 
 364 N.C. 394
 
 , 403,
 
 699 S.E.2d 911
 
 , 917 (2010). The State is statutorily required to "present to the court any evidence" that the offender falls into one of the enumerated categories to impose SBM.
 
 N.C. Gen. Stat. § 14-08
 
 .40A(a). Here,
 
 *142
 
 the State failed to present "evidence" or sufficient information to allow Defendant to enter a "definite and certain" stipulation.
 
 Mumford
 
 , 364 N.C. at 403,
 
 699 S.E.2d at 917
 
 .
 

 No evidence was presented to the trial court, upon which the court could have determined Defendant had obtained the required prior sexual offense convictions to be classified as a recidivist, and defense counsel's statements and arguments did not stipulate to the prior convictions. We vacate the trial court's lifetime SBM order, and remand for a proper evidentiary hearing, required by law.
 
 N.C. Gen. Stat. § 14-208
 
 .40A(a) - (b).
 

 V. Conclusion
 

 The State presented no evidence to support the trial court's finding and conclusion Defendant had two prior sexual offense convictions, which classifies him as a recidivist, nor did Defendant enter a "definite and certain" stipulation on this issue.
 
 Mumford
 
 , 364 N.C. at 403,
 
 699 S.E.2d at 917
 
 . The trial court's order is vacated and this matter is remanded. In light of our holding, we do not address Defendant's remaining argument.
 

 VACATED AND REMANDED.
 

 Judges CALABRIA and DAVIS concur.