IN THE COURT OF APPEALS OF NORTH CAROLINA

2021-NCCOA-532

No. COA20-643

Filed 5 October 2021

New Hanover County, Nos. 18 CRS 5278, 18 CRS 55008

STATE OF NORTH CAROLINA,

v.

JAMES CHRISTOPHER BUNTING, Defendant.

Appeal by defendant from judgment entered 10 January 2020 by Judge John E. Nobles, Jr. in New Hanover County Superior Court. Heard in the Court of Appeals 11 August 2021.

> *Attorney General Joshua H. Stein, by Assistant Attorney General Mary L. Maloney, for the State.*

> *Kimberly P. Hoppin for Defendant-Appellant.*

CARPENTER, Judge.

¶ 1   James Christopher Bunting ("Defendant") appeals from judgment after a jury convicted him of one count of felony sale or delivery of heroin, one count of felony sale or delivery of heroin within 1,000 feet of a school, and one count of felony possession with intent to sell or deliver heroin, and after Defendant plead guilty to habitual felon status pursuant to a plea agreement. On appeal, Defendant argues the trial court erred in sentencing him as a prior record level IV offender because it was unclear

from the record and prior record level worksheet whether the felony convictions used to establish his habitual felon status were improperly included in the trial court's calculation of his prior conviction points and prior record level, to which Defendant stipulated. Furthermore, Defendant contends the State failed to meet its burden of proving his out-of-state offenses were felonies in the respective states of origin, or that they were substantially similar to felonies in North Carolina. After careful review, we remand for a new sentencing hearing because the terms of the stipulation fail to definitively identify which convictions the trial court used to calculate Defendant's prior record level.

## I. Factual & Procedural Background

¶ 2     On 27 June 2018, Defendant was arrested and charged with the following offenses: (1) sale and delivery of a Schedule I controlled substance, in violation of N.C. Gen. Stat. § 90.95(a)(1); (2) the manufacture, sale, and delivery, or possession of a controlled substance within 1,000 feet of a school, in violation of N.C. Gen. Stat. § 90-95(e)(8); and (3) possession with intent to sell or deliver a Schedule I controlled substance, in violation of N.C. Gen. Stat. § 90.95(a)(1). On 29 October 2018, a New Hanover County grand jury returned a true bill of indictment for the three drug-related offenses under case file number 18 CRS 55008. On the same day, Defendant was charged in a true bill of indictment with obtaining the status of habitual felon in violation of N.C. Gen. Stat. 14-7.1 under case file number 18 CRS 5278. This true

bill of indictment alleged Defendant was previously convicted of at least three successive felonies including possession with the intent to sell or distribute cocaine on 18 May 2001, possession of cocaine on 12 January 2006, and possession of marijuana on 28 October 2013.

¶ 3    On 10 January 2020, Defendant was tried by jury and was unanimously convicted of the three felony drug charges.  Defendant then entered into a plea agreement in which Defendant agreed to plead guilty to his status as an habitual felon.  Defense counsel and the prosecutor signed, and Defendant stipulated to, a prior record level worksheet prepared by the State listing eighteen total convictions. Of the eighteen total prior convictions, four convictions relate to or establish Defendant's habitual felon status, five are out-of-state convictions, two are class A1 or 1 misdemeanor convictions eligible for calculating Defendant's prior record level, two are Class H or I North Carolina felonies eligible for purposes of counting towards Defendant's prior record level, and five are North Carolina misdemeanor convictions not eligible for purposes of counting towards Defendant's prior record level.  Four of the five total out-of-state convictions were crossed through by hand.  Under Section V of the worksheet, an aggregate of 18 points was handwritten beside ten of the eighteen prior convictions.  Of the convictions assigned points, three are out-of-state convictions, two are misdemeanor convictions, two are North Carolina felony convictions, and three are felony convictions used to establish Defendant's status as

an habitual felon. All but one of the three out-of-state convictions assigned points were crossed out. Defendant's prior felony Class H and I convictions under Section I of the worksheet were initially assigned 14 points—this number was crossed out by hand and changed to 10 points without explanation. Defendant's prior Class A1 or 1 misdemeanor convictions were assigned 2 points. Thus, Defendant was assigned a total of 12 prior record level points on the worksheet, which classified Defendant as a prior record level IV offender for sentencing purposes.

¶ 4 Defendant again stipulated during an exchange between the trial court, the prosecutor, and Defendant's counsel to the calculation of points and his status as a prior record level IV offender. Following this colloquy, the State summarized the evidence it would have presented had the case proceeded to trial, and Defendant did not object to the State's factual basis for finding habitual felon status. The State stipulated to certain mitigating factors presented by defense counsel, including Defendant's voluntary acknowledgment of wrongdoing at an early stage of the criminal process, Defendant's support system in the community, Defendant's support to his family, and Defendant's gainful employment. The trial court accepted the mitigating factors proffered by Defendant, consolidated Defendant's convictions for judgment, and entered judgment. It arrested judgment on the charge of manufacture, sale, and delivery, or possession of a controlled substance within 1,000 feet of a school. After calculating Defendant's prior record level at IV based on 12 prior record points,

and finding mitigating factors outweighed aggravating factors, the trial court judge sentenced Defendant to a minimum term of 80 months and a maximum term of 108 months of imprisonment in the custody of the North Carolina Department of Correction. Defendant gave notice of appeal in open court.

## II. Jurisdiction

¶ 5 This Court has jurisdiction to address Defendant's appeal from a final judgment pursuant to N.C. Gen. Stat. § 7A-27(b) (2019) and N.C. Gen. Stat. § 15A-1444 (2019).

## III. Issue

¶ 6 The issues presented on appeal are whether: (1) there is competent evidence in the record to support Defendant's prior record level IV where he stipulated to his prior conviction points and prior record level; (2) Defendant received ineffective assistance of counsel to the extent he stipulated to his out-of-state convictions; and (3) the trial court committed prejudicial error in calculating Defendant's prior record level points.

## IV. Prior Record Level Calculation

¶ 7 As an initial matter, we address the State's contention that Defendant's stipulation as to his prior record level "negate[d] the basis for appeal." We disagree and note Defendant has a direct right of appeal from the trial court's alleged miscalculation of his prior record level pursuant to N.C. Gen. Stat. § 15A-1444(a2)(1)

(2019).

¶ 8 Next, Defendant contends the trial court committed reversible error in calculating he had 12 prior conviction points and sentencing him as a prior record level IV. The State maintains Defendant's appeal seeking assignment of error on the calculation of the prior record level worksheet is without merit and should be denied because Defendant stipulated to his prior convictions. For the reasons set forth below, we conclude Defendant's stipulation to his prior conviction points and prior record level was invalid.

## A. Standard of Review

¶ 9 "The determination of an offender's prior record level is a conclusion of law that is subject to *de novo* review on appeal." *State v. Bohler*, 198 N.C. App. 631, 633, 681 S.E.2d 801, 804 (2009) (citing *State v. Fraley*, 182 N.C. App. 683, 691, 643 S.E.2d 39, 44 (2007)). Therefore, we consider "whether the competent evidence in the record adequately supports the trial court's [determination]" of Defendant's prior record level. *Id.* at 633, 681 S.E.2d at 804.

## B. Analysis

¶ 10 The Structured Sentencing Act of North Carolina provides that "the [trial] court shall determine the prior record level for the offender pursuant to [N.C. Gen. Stat. §] 15A-1340.14" before imposing a sentence on the defendant. N.C. Gen. Stat. § 15A-1340.13 (2019). "The prior record level of a felony offender is determined by

calculating the sum of the points assigned to each of the offender's prior convictions that the court, or . . . the jury, finds to have been proved in accordance with . . . section [15A-1340.14(a)]." N.C. Gen. Stat. § 15A-1340.14(a) (2019). Class A1 and Class 1 prior misdemeanor convictions are assigned 1 point each. N.C. Gen. Stat. § 15A-1340.14(a)(5). Class H or I felony convictions are assigned 2 points each. N.C. Gen. Stat. § 15A-1340.14(a)(4). "In determining the prior record level, convictions used to establish a person's status as an habitual felon shall not be used." N.C. Gen. Stat. § 14-7.6 (2019).

¶ 11    "The State bears the burden of proving, by a preponderance of the evidence, that a prior conviction exists and that the offender before the court is the same person as the offender named in the prior conviction." N.C. Gen. Stat. § 15A-1340.14(f)(4) (2019). "Stipulation of the parties" is one method by which a prior conviction may be proved. N.C. Gen. Stat. § 15A-1340.14(f)(1) (2019). As our Supreme Court has stated, the "terms [of a stipulation] must be definite and certain in order to afford a basis for judicial decision . . . ." *State v. Powell*, 254 N.C. 231, 234, 118 S.E.2d 617, 619 (1961), *superseded by statute on other grounds*, N.C. Gen. Stat. § 20-179(a) (2003) (citation omitted). "[P]roof by stipulation necessarily includes the factual basis and legal application to the facts underlying the conviction. Once a defendant makes this stipulation, the trial court then makes a legal determination by reviewing the proper classification of an offense so as to calculate the points assigned to that prior offense."

*State v. Arrington*, 371 N.C. 518, 524, 819 S.E.2d 329, 333 (2018).

¶ 12        Here, Defendant does not challenge the 2 prior record level points assessed for two misdemeanor convictions but maintains the record is unclear as to which five felony convictions listed on the prior record level worksheet were counted for purposes of determining his prior felony conviction points totaled 10, and his prior record level is IV.  He asserts the trial court was prohibited from including the three predicate felony convictions that establish his habitual felon status in the indictment.  The State argues that even if the convictions that are crossed out are not counted, there are 14 remaining points that can be counted towards Defendant's prior record level.  Additionally, the State maintains that since Defendant and the State stipulated to the worksheet, Defendant's prior record level was agreed upon by the parties, and therefore, the State met its burden of proving Defendant's prior record level by the preponderance of the evidence.

¶ 13        We disagree with the State's assessment.  In this case, 6 of the 14 remaining points—after the crossed-out convictions are excluded—are attributable to the three felony convictions that were used as a predicate for Defendant's status of habitual felon, and therefore, cannot be used in determining Defendant's prior record level.  *See* N.C. Gen. Stat. § 14-7.6.  However, we are unable to discern from the record whether the trial court did in fact apply the three predicate felony convictions used to establish Defendant's habitual status in its prior record level calculation or

whether the trial court used all or some of the out-of-state convictions in calculating Defendant's prior record level.

¶ 14        The State relies on *State v. Arrington* in its assertion that the State met its burden of proof as to Defendant's prior conviction points and prior record level because both parties agreed to the stipulation. *See* 371 N.C. at 524–25, 819 S.E.2d at 333. We find *State v. Arrington* readily distinguishable from the case *sub judice*. In *Arrington*, the felonies used to calculate the defendant's prior record level were not unclear or indeterminate from the record. Rather, in that case, our Supreme Court considered a defendant's appeal of right after the Court of Appeals held the defendant's stipulation as to the type of North Carolina second-degree murder conviction, following the state legislature's division of the offense into two classifications, "was an improper legal stipulation." *Id.* at 519, 521, 819 S.E.2d at 330–31. The Court reversed the Court of Appeals' decision and held the classification of the offense was a question of fact; thus, the defendant properly stipulated to the question of fact regarding the conviction classification as well as his prior record level points. *Id.* at 527, 819 S.E.2d at 335.

¶ 15        In the instant case, the trial court had to have either included one or more of Defendant's out-of-state convictions or one or more of Defendant's prior felonies used to establish his habitual felon status in order to reach 12 points in calculating Defendant's prior conviction points. If the out-of-state convictions were used, then

the State failed to prove by the preponderance of the evidence that Defendant's strangulation in the second-degree conviction was substantially similar to a particular North Carolina felony. *See Bohler*, 198 N.C. App. 631, 633, 681 S.E.2d 801, 804 ("[T]he trial court may not accept a stipulation to the effect that a particular out-of-state conviction is 'substantially similar' to a particular North Carolina felony or misdemeanor."). Unlike *Arrington*, in which the defendant properly stipulated to a question of fact, in this case, Defendant could not have properly stipulated to a question of law nor could he have properly stipulated to a prior conviction level calculation that included the felonies used as a predicate for establishing his status as an habitual felon. *See State v. Hanton*, 175 N.C. App. 250, 623 S.E.2d 600 (2006), *disc. rev. denied*, 362 N.C. 477, 666 S.E.2d 766 (2008) "([T]he question of whether a conviction under an out-of-state statute is substantially similar to an offense under North Carolina statutes is a question of law to be resolved by the trial court."); *State v. Chappelle*, 193 N.C. App. 313, 333, 667 S.E.2d 327, 339 (2008) ("[A] stipulation regarding out-of-state convictions is insufficient, absent a determination of substantial similarity by the trial court, to support the trial court's prior record determination."); N.C. Gen. Stat. § 15A-1340.14(e) (establishing the default classification for out-of-state felony convictions is "Class I"); N.C. Gen. Stat. § 14-7.6.

¶ 16        We hold the signed prior record level worksheet was not sufficiently "definite and certain" to constitute a valid stipulation by Defendant. *See Powell*, 254 N.C. at

234, 118 S.E.2d at 619. The matter must be remanded to the trial court for re-sentencing.

To avoid errors on remand, the State must meet its burden of proof with respect to proving Defendant's out-of-state convictions. *See* N.C. Gen. Stat. § 15A-1340.14(e) (2019). Although Defendant can properly stipulate to the existence of offenses and whether the offenses are felonies or misdemeanors, Defendant cannot stipulate that an out-of-state conviction is substantially similar to a North Carolina offense. *See Bohler*, 198 N.C. App. at 637–38, 681 S.E.2d at 806; *State v. Burgess*, 216 N.C. App. 54, 58–59, 715 S.E.2d 867, 871 (2011). We note Defendant's prior record level worksheet is evidence of his binding stipulation as to the existence of the out-of-state convictions and as to the fact the offenses were felonies under the law of the states where the offenses originated. *See Bohler*, 198 N.C. App. at 637–38, 681 S.E.2d at 806.

Because we remand the case for a new sentencing hearing, we need not consider whether Defendant received ineffective assistance of counsel with respect to his stipulations to out-of-court convictions or whether the trial court committed prejudicial error by miscalculating Defendant's prior record level.

## V. Conclusion

We hold Defendant's stipulation as to his prior felony convictions is not sufficiently definite because we cannot reasonably determine whether his prior

felonies, which predicated his habitual felon status, were improperly used by the trial court in calculating Defendant's prior record level.  We remand the matter to the trial court for a re-sentencing hearing.

REMANDED FOR RE-SENTENCING.

Judges DILLON and INMAN concur.