IN THE COURT OF APPEALS OF NORTH CAROLINA

 2021-NCCOA-532

 No. COA20-643

 Filed 5 October 2021

 New Hanover County, Nos. 18 CRS 5278, 18 CRS 55008

 STATE OF NORTH CAROLINA,

 v.

 JAMES CHRISTOPHER BUNTING, Defendant.

 Appeal by defendant from judgment entered 10 January 2020 by Judge John

 E. Nobles, Jr. in New Hanover County Superior Court. Heard in the Court of Appeals

 11 August 2021.

 Attorney General Joshua H. Stein, by Assistant Attorney General Mary L.
 Maloney, for the State.

 Kimberly P. Hoppin for Defendant-Appellant.

 CARPENTER, Judge.

¶1 James Christopher Bunting (“Defendant”) appeals from judgment after a jury

 convicted him of one count of felony sale or delivery of heroin, one count of felony sale

 or delivery of heroin within 1,000 feet of a school, and one count of felony possession

 with intent to sell or deliver heroin, and after Defendant plead guilty to habitual felon

 status pursuant to a plea agreement. On appeal, Defendant argues the trial court

 erred in sentencing him as a prior record level IV offender because it was unclear
 STATE V. BUNTING

 2021-NCCOA-532

 Opinion of the Court

 from the record and prior record level worksheet whether the felony convictions used

 to establish his habitual felon status were improperly included in the trial court’s

 calculation of his prior conviction points and prior record level, to which Defendant

 stipulated. Furthermore, Defendant contends the State failed to meet its burden of

 proving his out-of-state offenses were felonies in the respective states of origin, or

 that they were substantially similar to felonies in North Carolina. After careful

 review, we remand for a new sentencing hearing because the terms of the stipulation

 fail to definitively identify which convictions the trial court used to calculate

 Defendant’s prior record level.

 I. Factual & Procedural Background

¶2 On 27 June 2018, Defendant was arrested and charged with the following

 offenses: (1) sale and delivery of a Schedule I controlled substance, in violation of N.C.

 Gen. Stat. § 90.95(a)(1); (2) the manufacture, sale, and delivery, or possession of a

 controlled substance within 1,000 feet of a school, in violation of N.C. Gen. Stat. § 90-

 95(e)(8); and (3) possession with intent to sell or deliver a Schedule I controlled

 substance, in violation of N.C. Gen. Stat. § 90.95(a)(1). On 29 October 2018, a New

 Hanover County grand jury returned a true bill of indictment for the three drug-

 related offenses under case file number 18 CRS 55008. On the same day, Defendant

 was charged in a true bill of indictment with obtaining the status of habitual felon in

 violation of N.C. Gen. Stat. 14-7.1 under case file number 18 CRS 5278. This true
 STATE V. BUNTING

 2021-NCCOA-532

 Opinion of the Court

 bill of indictment alleged Defendant was previously convicted of at least three

 successive felonies including possession with the intent to sell or distribute cocaine

 on 18 May 2001, possession of cocaine on 12 January 2006, and possession of

 marijuana on 28 October 2013.

¶3 On 10 January 2020, Defendant was tried by jury and was unanimously

 convicted of the three felony drug charges. Defendant then entered into a plea

 agreement in which Defendant agreed to plead guilty to his status as an habitual

 felon. Defense counsel and the prosecutor signed, and Defendant stipulated to, a

 prior record level worksheet prepared by the State listing eighteen total convictions.

 Of the eighteen total prior convictions, four convictions relate to or establish

 Defendant’s habitual felon status, five are out-of-state convictions, two are class A1

 or 1 misdemeanor convictions eligible for calculating Defendant’s prior record level,

 two are Class H or I North Carolina felonies eligible for purposes of counting towards

 Defendant’s prior record level, and five are North Carolina misdemeanor convictions

 not eligible for purposes of counting towards Defendant’s prior record level. Four of

 the five total out-of-state convictions were crossed through by hand. Under Section

 V of the worksheet, an aggregate of 18 points was handwritten beside ten of the

 eighteen prior convictions. Of the convictions assigned points, three are out-of-state

 convictions, two are misdemeanor convictions, two are North Carolina felony

 convictions, and three are felony convictions used to establish Defendant’s status as
 STATE V. BUNTING

 2021-NCCOA-532

 Opinion of the Court

 an habitual felon. All but one of the three out-of-state convictions assigned points

 were crossed out. Defendant’s prior felony Class H and I convictions under Section I

 of the worksheet were initially assigned 14 points—this number was crossed out by

 hand and changed to 10 points without explanation. Defendant’s prior Class A1 or 1

 misdemeanor convictions were assigned 2 points. Thus, Defendant was assigned a

 total of 12 prior record level points on the worksheet, which classified Defendant as

 a prior record level IV offender for sentencing purposes.

¶4 Defendant again stipulated during an exchange between the trial court, the

 prosecutor, and Defendant’s counsel to the calculation of points and his status as a

 prior record level IV offender. Following this colloquy, the State summarized the

 evidence it would have presented had the case proceeded to trial, and Defendant did

 not object to the State’s factual basis for finding habitual felon status. The State

 stipulated to certain mitigating factors presented by defense counsel, including

 Defendant’s voluntary acknowledgment of wrongdoing at an early stage of the

 criminal process, Defendant’s support system in the community, Defendant’s support

 to his family, and Defendant’s gainful employment. The trial court accepted the

 mitigating factors proffered by Defendant, consolidated Defendant’s convictions for

 judgment, and entered judgment. It arrested judgment on the charge of manufacture,

 sale, and delivery, or possession of a controlled substance within 1,000 feet of a school.

 After calculating Defendant’s prior record level at IV based on 12 prior record points,
 STATE V. BUNTING

 2021-NCCOA-532

 Opinion of the Court

 and finding mitigating factors outweighed aggravating factors, the trial court judge

 sentenced Defendant to a minimum term of 80 months and a maximum term of 108

 months of imprisonment in the custody of the North Carolina Department of

 Correction. Defendant gave notice of appeal in open court.

 II. Jurisdiction

¶5 This Court has jurisdiction to address Defendant’s appeal from a final

 judgment pursuant to N.C. Gen. Stat. § 7A-27(b) (2019) and N.C. Gen. Stat. § 15A-

 1444 (2019).

 III. Issue

¶6 The issues presented on appeal are whether: (1) there is competent evidence

 in the record to support Defendant’s prior record level IV where he stipulated to his

 prior conviction points and prior record level; (2) Defendant received ineffective

 assistance of counsel to the extent he stipulated to his out-of-state convictions; and

 (3) the trial court committed prejudicial error in calculating Defendant’s prior record

 level points.

 IV. Prior Record Level Calculation

¶7 As an initial matter, we address the State’s contention that Defendant’s

 stipulation as to his prior record level “negate[d] the basis for appeal.” We disagree

 and note Defendant has a direct right of appeal from the trial court’s alleged

 miscalculation of his prior record level pursuant to N.C. Gen. Stat. § 15A-1444(a2)(1)
 STATE V. BUNTING

 2021-NCCOA-532

 Opinion of the Court

 (2019).

¶8 Next, Defendant contends the trial court committed reversible error in

 calculating he had 12 prior conviction points and sentencing him as a prior record

 level IV. The State maintains Defendant’s appeal seeking assignment of error on the

 calculation of the prior record level worksheet is without merit and should be denied

 because Defendant stipulated to his prior convictions. For the reasons set forth

 below, we conclude Defendant’s stipulation to his prior conviction points and prior

 record level was invalid.

 A. Standard of Review

¶9 “The determination of an offender’s prior record level is a conclusion of law that

 is subject to de novo review on appeal.” State v. Bohler, 198 N.C. App. 631, 633, 681

 S.E.2d 801, 804 (2009) (citing State v. Fraley, 182 N.C. App. 683, 691, 643 S.E.2d 39,

 44 (2007)). Therefore, we consider “whether the competent evidence in the record

 adequately supports the trial court’s [determination]” of Defendant’s prior record

 level. Id. at 633, 681 S.E.2d at 804.

 B. Analysis

¶ 10 The Structured Sentencing Act of North Carolina provides that “the [trial]

 court shall determine the prior record level for the offender pursuant to [N.C. Gen.

 Stat. §] 15A-1340.14” before imposing a sentence on the defendant. N.C. Gen. Stat.

 § 15A-1340.13 (2019). “The prior record level of a felony offender is determined by
 STATE V. BUNTING

 2021-NCCOA-532

 Opinion of the Court

 calculating the sum of the points assigned to each of the offender’s prior convictions

 that the court, or . . . the jury, finds to have been proved in accordance with . . . section

 [15A-1340.14(a)].” N.C. Gen. Stat. § 15A-1340.14(a) (2019). Class A1 and Class 1

 prior misdemeanor convictions are assigned 1 point each. N.C. Gen. Stat. § 15A-

 1340.14(a)(5). Class H or I felony convictions are assigned 2 points each. N.C. Gen.

 Stat. § 15A-1340.14(a)(4). “In determining the prior record level, convictions used to

 establish a person’s status as an habitual felon shall not be used.” N.C. Gen. Stat. §

 14-7.6 (2019).

¶ 11 “The State bears the burden of proving, by a preponderance of the evidence,

 that a prior conviction exists and that the offender before the court is the same person

 as the offender named in the prior conviction.” N.C. Gen. Stat. § 15A-1340.14(f)(4)

 (2019). “Stipulation of the parties” is one method by which a prior conviction may be

 proved. N.C. Gen. Stat. § 15A-1340.14(f)(1) (2019). As our Supreme Court has stated,

 the “terms [of a stipulation] must be definite and certain in order to afford a basis for

 judicial decision . . . .” State v. Powell, 254 N.C. 231, 234, 118 S.E.2d 617, 619 (1961),

 superseded by statute on other grounds, N.C. Gen. Stat. § 20-179(a) (2003) (citation

 omitted). “[P]roof by stipulation necessarily includes the factual basis and legal

 application to the facts underlying the conviction. Once a defendant makes this

 stipulation, the trial court then makes a legal determination by reviewing the proper

 classification of an offense so as to calculate the points assigned to that prior offense.”
 STATE V. BUNTING

 2021-NCCOA-532

 Opinion of the Court

 State v. Arrington, 371 N.C. 518, 524, 819 S.E.2d 329, 333 (2018).

¶ 12 Here, Defendant does not challenge the 2 prior record level points assessed for

 two misdemeanor convictions but maintains the record is unclear as to which five

 felony convictions listed on the prior record level worksheet were counted for purposes

 of determining his prior felony conviction points totaled 10, and his prior record level

 is IV. He asserts the trial court was prohibited from including the three predicate

 felony convictions that establish his habitual felon status in the indictment. The

 State argues that even if the convictions that are crossed out are not counted, there

 are 14 remaining points that can be counted towards Defendant’s prior record level.

 Additionally, the State maintains that since Defendant and the State stipulated to

 the worksheet, Defendant’s prior record level was agreed upon by the parties, and

 therefore, the State met its burden of proving Defendant’s prior record level by the

 preponderance of the evidence.

¶ 13 We disagree with the State’s assessment. In this case, 6 of the 14 remaining

 points—after the crossed-out convictions are excluded—are attributable to the three

 felony convictions that were used as a predicate for Defendant’s status of habitual

 felon, and therefore, cannot be used in determining Defendant’s prior record level.

 See N.C. Gen. Stat. § 14-7.6. However, we are unable to discern from the record

 whether the trial court did in fact apply the three predicate felony convictions used

 to establish Defendant’s habitual status in its prior record level calculation or
 STATE V. BUNTING

 2021-NCCOA-532

 Opinion of the Court

 whether the trial court used all or some of the out-of-state convictions in calculating

 Defendant’s prior record level.

¶ 14 The State relies on State v. Arrington in its assertion that the State met its

 burden of proof as to Defendant’s prior conviction points and prior record level

 because both parties agreed to the stipulation. See 371 N.C. at 524–25, 819 S.E.2d

 at 333. We find State v. Arrington readily distinguishable from the case sub judice.

 In Arrington, the felonies used to calculate the defendant’s prior record level were not

 unclear or indeterminate from the record. Rather, in that case, our Supreme Court

 considered a defendant’s appeal of right after the Court of Appeals held the

 defendant’s stipulation as to the type of North Carolina second-degree murder

 conviction, following the state legislature’s division of the offense into two

 classifications, “was an improper legal stipulation.” Id. at 519, 521, 819 S.E.2d at

 330–31. The Court reversed the Court of Appeals’ decision and held the classification

 of the offense was a question of fact; thus, the defendant properly stipulated to the

 question of fact regarding the conviction classification as well as his prior record level

 points. Id. at 527, 819 S.E.2d at 335.

¶ 15 In the instant case, the trial court had to have either included one or more of

 Defendant’s out-of-state convictions or one or more of Defendant’s prior felonies used

 to establish his habitual felon status in order to reach 12 points in calculating

 Defendant’s prior conviction points. If the out-of-state convictions were used, then
 STATE V. BUNTING

 2021-NCCOA-532

 Opinion of the Court

 the State failed to prove by the preponderance of the evidence that Defendant’s

 strangulation in the second-degree conviction was substantially similar to a

 particular North Carolina felony. See Bohler, 198 N.C. App. 631, 633, 681 S.E.2d 801,

 804 (“[T]he trial court may not accept a stipulation to the effect that a particular out-

 of-state conviction is ‘substantially similar’ to a particular North Carolina felony or

 misdemeanor.”). Unlike Arrington, in which the defendant properly stipulated to a

 question of fact, in this case, Defendant could not have properly stipulated to a

 question of law nor could he have properly stipulated to a prior conviction level

 calculation that included the felonies used as a predicate for establishing his status

 as an habitual felon. See State v. Hanton, 175 N.C. App. 250, 623 S.E.2d 600 (2006),

 disc. rev. denied, 362 N.C. 477, 666 S.E.2d 766 (2008) “([T]he question of whether a

 conviction under an out-of-state statute is substantially similar to an offense under

 North Carolina statutes is a question of law to be resolved by the trial court.”); State

 v. Chappelle, 193 N.C. App. 313, 333, 667 S.E.2d 327, 339 (2008) (“[A] stipulation

 regarding out-of-state convictions is insufficient, absent a determination of

 substantial similarity by the trial court, to support the trial court’s prior record

 determination.”); N.C. Gen. Stat. § 15A-1340.14(e) (establishing the default

 classification for out-of-state felony convictions is “Class I”); N.C. Gen. Stat. § 14-7.6.

¶ 16 We hold the signed prior record level worksheet was not sufficiently “definite

 and certain” to constitute a valid stipulation by Defendant. See Powell, 254 N.C. at
 STATE V. BUNTING

 2021-NCCOA-532

 Opinion of the Court

 234, 118 S.E.2d at 619. The matter must be remanded to the trial court for re-

 sentencing.

¶ 17 To avoid errors on remand, the State must meet its burden of proof with respect

 to proving Defendant’s out-of-state convictions. See N.C. Gen. Stat. § 15A-1340.14(e)

 (2019). Although Defendant can properly stipulate to the existence of offenses and

 whether the offenses are felonies or misdemeanors, Defendant cannot stipulate that

 an out-of-state conviction is substantially similar to a North Carolina offense. See

 Bohler, 198 N.C. App. at 637–38, 681 S.E.2d at 806; State v. Burgess, 216 N.C. App.

 54, 58–59, 715 S.E.2d 867, 871 (2011). We note Defendant’s prior record level

 worksheet is evidence of his binding stipulation as to the existence of the out-of-state

 convictions and as to the fact the offenses were felonies under the law of the states

 where the offenses originated. See Bohler, 198 N.C. App. at 637–38, 681 S.E.2d at

 806.

¶ 18 Because we remand the case for a new sentencing hearing, we need not

 consider whether Defendant received ineffective assistance of counsel with respect to

 his stipulations to out-of-court convictions or whether the trial court committed

 prejudicial error by miscalculating Defendant’s prior record level.

 V. Conclusion

¶ 19 We hold Defendant’s stipulation as to his prior felony convictions is not

 sufficiently definite because we cannot reasonably determine whether his prior
 STATE V. BUNTING

 2021-NCCOA-532

 Opinion of the Court

felonies, which predicated his habitual felon status, were improperly used by the trial

court in calculating Defendant’s prior record level. We remand the matter to the trial

court for a re-sentencing hearing.

 REMANDED FOR RE-SENTENCING.

 Judges DILLON and INMAN concur.