STATE OF NORTH CAROLINA v. STANLEY BRIAN BURGESS

No. COA11-193

(Filed 20 September 2011)

**1. Sexual Offenders—registration not required—second-degree kidnapping—crime against nature**

The trial court erred by ordering defendant to register as a sex offender. Neither of the offenses for which defendant was convicted, second-degree kidnapping and crime against nature, was a sexually violent offense under N.C.G.S. § 14-208.6(5).

**2. Sentencing—prior record level—failure to show out-of-state offenses substantially similar to NC offenses**

The trial court erred by sentencing defendant as a level IV offender. The State failed to present sufficient evidence to establish defendant's out-of-state offenses were substantially similar to North Carolina offenses. The case was remanded for resentencing.

Appeal by defendant from judgment entered 28 January 2010 by Judge Edgar B. Gregory in Yadkin County Superior Court. Heard in the Court of Appeals 29 August 2011.

*Roy Cooper, Attorney General, by Lisa G. Corbett, Assistant Attorney General, for the State.*

*Staples Hughes, Appellate Defender, by Kathleen M. Joyce, Assistant Appellate Defender, for defendant-appellant.*

MARTIN, Chief Judge.

The record indicates defendant was charged with first-degree rape, two counts of first-degree sex offense, first-degree kidnapping, assault on a female, and communicating threats. He entered pleas of not guilty and a jury was empaneled to hear the case. Following a recess on the third day of trial, defendant entered a plea of no contest to second-degree kidnapping, a Class E felony, and crime against nature, a Class I felony, and pursuant to the plea agreement, the trial court dismissed the remaining charges.

The plea agreement provided that the State would stipulate to the mitigating factor "[t]hat the defendant has been a good inmate" and that "upon the defendant's pleas of no contest to 2nd degree kidnapping and crime against nature *the charges will be consolidated and*

*defendant sentenced in mitigated range of 36 [months] to 53 months (as a record level 4).*"[1] (Emphasis added.) The State's prior record level worksheet listed defendant's prior record level as IV based on 12 prior record level points from three Class H or I felonies and six Class A1 or 1 misdemeanors. Consistent with the plea agreement, the trial court sentenced defendant to a minimum term of 36 months and a maximum term of 53 months in the custody of the North Carolina Department of Correction.

The trial court also found that defendant had been convicted of a "reportable conviction" under N.C.G.S. § 14-208.6, specifically, "a sexually violent offense under G.S. 14-208.6(5)," and ordered that defendant, upon his release from imprisonment, register as a sex offender under Part 2 of Article 27A of Chapter 14 of the General Statutes, for a period of 30 years.

After failing to give notice of appeal, defendant filed a Petition for Writ of Certiorari in this Court. This Court granted review.

---

**[1]** On appeal, defendant contends, and the State concedes, the trial court erred by ordering that defendant register as a sex offender.[2] We agree, and therefore vacate the trial court's order.

During sentencing, the trial court found that defendant "has been convicted of a reportable conviction under G.S. 14-208.6." The basis the trial court indicated for its finding was defendant's conviction of "a sexually violent offense under G.S. 14-208.6(5) or an attempt, solicitation, or conspiracy to commit such offense (other than an offense under G.S. 14-27.2A or G.S. 14-27.4A)." However, neither of the offenses for which defendant was convicted—second-degree kidnapping and crime against nature—is a "sexually violent offense" under N.C.G.S. § 14-208.6(5). *See* N.C. Gen. Stat. § 14-208.6(5) (2009) (listing offenses deemed "sexually violent"). The trial court therefore erred by finding that defendant had been convicted of a "reportable con-

---

1. We note the plea agreement is inconsistent. When offenses are consolidated and a single judgment is imposed, "[t]he judgment shall contain a sentence disposition specified for the class of offense and prior record level of the most serious offense." N.C. Gen. Stat. § 15A-1340.15(b) (2009). The mitigated range of minimum durations for a Class E felony and a prior record level IV offender is 23-30 months and the presumptive range of minimum durations is 30-38 months. *See* N.C. Gen. Stat. § 15A-1340.17(c) (2009).

2. To the extent defendant has not properly preserved this issue for appellate review under N.C.R. App. P. 10, in our discretion under N.C.R. App. P. 2, we elect to address this issue.

viction," and we vacate its order that defendant register as a sex offender upon his release from imprisonment.

[2] Defendant also contends the trial court erred by sentencing him as a level IV offender.[3] We agree with this contention as well and remand for resentencing.

"The prior record level of a felony offender is determined by calculating the sum of the points assigned to each of the offender's prior convictions that the court . . . finds to have been proved in accordance with this section." N.C. Gen. Stat. § 15A-1340.14(a) (2009). The number of prior record points for each class of felony and misdemeanor offense is specified in N.C.G.S. § 15A-1340.14(b). "The State bears the burden of proving, by a preponderance of the evidence, that a prior conviction exists and that the offender before the court is the same person as the offender named in the prior conviction." N.C. Gen. Stat. § 15A-1340.14(f). A prior conviction shall be proved by stipulation of the parties, an original or copy of the court record of the prior conviction, a copy of records maintained by the Division of Criminal Information, the Division of Motor Vehicles, or of the Administrative Office of the Courts, or any other method found by the court to be reliable. *Id.* N.C.G.S. § 15A-1340.14(e) governs classification of offenses from other jurisdictions and provides that,

[e]xcept as otherwise provided in this subsection, a conviction occurring in a jurisdiction other than North Carolina is classified as a Class I felony if the jurisdiction in which the offense occurred classifies the offense as a felony, or is classified as a Class 3 misdemeanor if the jurisdiction in which the offense occurred classifies the offense as a misdemeanor. If the offender proves by the preponderance of the evidence that an offense classified as a felony in the other jurisdiction is substantially similar to an offense that is a misdemeanor in North Carolina, the conviction is treated as that class of misdemeanor for assigning prior record level points. If the State proves by the preponderance of the evidence that an offense classified as either a misdemeanor or a felony in the other jurisdiction is substantially similar to an offense in North Carolina that is classified as a Class I felony or higher, the conviction is treated as that class of felony for assign-

---

3. Despite defendant's failure to object during sentencing, he has not waived this argument. *See State v. Jeffery*, 167 N.C. App. 575, 579, 605 S.E.2d 672, 674 (2004) (holding that the defendant's failure to object during sentencing did not preclude the defendant from arguing on appeal that the State had failed to meet its burden of proving the defendant's prior record level).

ing prior record level points. If the State proves by the preponderance of the evidence that an offense classified as a misdemeanor in the other jurisdiction is substantially similar to an offense classified as a Class A1 or Class 1 misdemeanor in North Carolina, the conviction is treated as a Class A1 or Class 1 misdemeanor for assigning prior record level points.

N.C. Gen. Stat. § 15A-1340.14(e). Whether an out-of-state offense is substantially similar to a North Carolina offense is a question of law involving comparison of the elements of the out-of-state offense to those of the North Carolina offense. *State v. Hanton,* 175 N.C. App. 250, 254, 623 S.E.2d 600, 604 (2006).

In this case, the State's prior record level worksheet indicates that, at the time of sentencing, defendant had fifteen prior convictions, which were from Florida, South Carolina, and Georgia. Defendant's counsel stipulated to the existence of the convictions by signing Section III of the worksheet. *See* N.C. Gen. Stat. § 15A-1340.14(f). However, defendant contends, and we agree, the State failed to present sufficient evidence to establish the out-of-state offenses were substantially similar to North Carolina offenses.

Although the State presented the trial court with Exhibit 3, printed copies of out-of-state statutes purportedly serving as the basis for the nine out-of-state convictions the State used in computing defendant's prior record level, the "out-of-state crimes [on the State's worksheet] were not identified by statutes," but "only by brief and non-specific descriptions" and "could arguably describe more than one specific South Carolina and [Florida] crime," which makes it unclear whether those statutes were the basis for defendant's convictions. *See State v. Henderson,* 201 N.C. App. 381, 388, 689 S.E.2d 462, 467 (2009) (declining to determine on appeal whether out-of-state offenses were substantially similar to North Carolina offenses because, although the State's brief identified out-of-state statutes under which it contended the defendant had been convicted, the record did not identify the crimes by statute and therefore provided the Court with insufficient information for such a determination). Furthermore, while the State's worksheet indicates defendant's South Carolina conviction for "Poss of Xanax" was from 1993 and his South Carolina convictions for "MFG/Poss other Sch I, II, III with intent," "Poss of Marijuana W/I to Distribute," "(M) Poss of Sch I-V 1st Offense," "Open Cont, Simple Poss of Marij, Poss Drug Para," and "Poss Marij, Poss Drug Para, Opn Cont, Criminal DV" were from 1994, the State presented 2008 copies of the out-of-state statutes purport-

edly serving as the basis for those convictions and presented no evidence that the statutes were unchanged from the 1993 and 1994 versions under which defendant had been convicted. *See State v. Morgan*, 164 N.C. App. 298, 309, 595 S.E.2d 804, 812 (2004) (holding the State failed to prove by the preponderance of the evidence that a New Jersey offense was substantially similar to a North Carolina offense where "[t]he State presented no evidence . . . that the 2002 New Jersey homicide statute was unchanged from the 1987 version under which [the] [d]efendant was convicted"). Finally, the record in this case indicates the trial court accepted the classification of defendant's out-of-state offenses on the State's worksheet without comparing the elements of the out-of-state offenses to the elements of the North Carolina offenses the State contended were substantially similar. We emphasize that "copies of the . . . statutes [from another jurisdiction], *and comparison of their provisions to the criminal laws of North Carolina,* [a]re sufficient to prove by a preponderance of the evidence that the crimes of which defendant was convicted in those states were substantially similar to classified crimes in North Carolina for purposes of G.S. § 15A-1340.14(e)." *State v. Rich*, 130 N.C. App. 113, 117, 502 S.E.2d 49, 52 (1998) (emphasis added); *see also Hanton*, 175 N.C. App. at 254, 623 S.E.2d at 604 (holding that "[w]hether an out-of-state offense is substantially similar to a North Carolina offense" involves "comparing the elements of a defendant's prior convictions under the statutes of foreign jurisdictions with the elements of crimes under [North Carolina] statutes" (second alteration in original) (internal quotation marks omitted)). Because defendant's 12 prior record level points were based on out-of-state convictions and the State failed to prove by the preponderance of the evidence that the out-of-state offenses were substantially similar to North Carolina offenses, we must remand for resentencing. The State and defendant may offer additional evidence at the resentencing hearing.[4]

We also note the State's reliance on *State v. Hamby*, 129 N.C. App. 366, 499 S.E.2d 195 (1998), for its contention that defendant cannot raise issues related to his sentence on appeal because he stipulated to his prior record level and agreed to his sentence in his plea agreement is misplaced. *See id.* at 369-70, 499 S.E.2d at 197 (holding the defendant's admission to her prior record level "mooted the issue[] of whether her prior record level was correctly determined").

---

4. Because we vacate the trial court's order that defendant register as a sex offender and remand this case for resentencing, we do not address defendant's argument that his trial counsel's failure to object to his sentence and the order that he register as a sex offender amounted to ineffective assistance of counsel.

This Court has repeatedly held a defendant's stipulation to the substantial similarity of offenses from another jurisdiction is ineffective because the issue of whether an offense from another jurisdiction is substantially similar to a North Carolina offense is a question of law. *See, e.g., State v. Moore*, 188 N.C. App. 416, 426, 656 S.E.2d 287, 293-94 (2008); *State v. Palmateer*, 179 N.C. App. 579, 581-82, 634 S.E.2d 592, 593-94 (2006); *see also State v. Wall*, 348 N.C. 671, 676, 502 S.E.2d 585, 588 (1998) (vacating the trial court's order despite the defendant's plea agreement providing for concurrent sentences because a statute mandated consecutive sentences).

Vacated in part and remanded for resentencing.

Judges BRYANT and CALABRIA concur.