An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-819

NORTH CAROLINA COURT OF APPEALS

Filed:  6 May 2014

STATE OF NORTH CAROLINA

    v.

MARC ALBERT MANN

Rockingham County
No. 10 CRS 54259


Appeal by defendant from judgment entered 17 January 2013 by Judge Edwin G. Wilson in Rockingham County Superior Court. Heard in the Court of Appeals on 31 March 2014.

> *Roy Cooper, Attorney General, by M. Lynne Weaver, Special Deputy Attorney General, for the State.*
>
> *Kimberly P. Hoppin for defendant-appellant.*


DAVIS, Judge.

Defendant Marc Albert Mann ("Defendant") appeals from the judgment entered after a jury found him guilty of robbery with a dangerous weapon and interfering with an emergency communication. On appeal, Defendant contends that (1) the trial court erred by denying his motion to dismiss the robbery charge; and (2) the State failed to present sufficient evidence that Virginia offenses included in his prior record level calculation

were substantially similar to North Carolina offenses. After careful review, we find that Defendant received a fair trial free from error but remand for a new sentencing hearing.

**Factual Background**

On 14 November 2010, Sally Lopez ("Ms. Lopez") was working at a Dollar General store in Eden, North Carolina when Defendant entered the store with April Cannoy ("Ms. Cannoy") and another man. The other man had driven Defendant and Ms. Cannoy to the store. Ms. Lopez had a key to the office where the store's video surveillance equipment was located and was responsible for monitoring shoplifting. Ms. Lopez noticed Ms. Cannoy had a large, mostly empty pocketbook and had placed the bag in the child seat of her shopping cart. Defendant and Ms. Cannoy walked around the store together, and Ms. Lopez used the video equipment to observe Ms. Cannoy pick up candles and batteries and place them in her shopping cart. Defendant and Ms. Cannoy left without paying for the items, and Ms. Lopez followed them out of the store.

When Ms. Lopez confronted them, Ms. Cannoy denied that she had taken anything. Ms. Lopez threatened to call the police, and when she took out her phone, Defendant pulled the phone out of her hand, took out the battery, and broke the phone.

Defendant then held a switchblade-style knife to Ms. Lopez's forehead and threatened to kill her. Ms. Cannoy tried to pull Defendant away and told him they should leave. Ms. Cannoy and Defendant then left with the man who had driven them to the store. Ms. Lopez ran back in the store and called 911.

At trial, Ms. Cannoy testified that she and Defendant stole items every time they went shopping together and that she put her pocketbook in the child seat of the shopping cart because it made it easier to steal. Ms. Cannoy admitted that she stole the candles, the batteries, and a necklace and stated that Defendant knew she took these items from the store.

The jury found Defendant guilty of robbery with a dangerous weapon and interfering with an emergency communication. The trial court consolidated the convictions into one judgment and sentenced Defendant to 72 to 96 months imprisonment. Defendant gave timely notice of appeal.

**Analysis**

**I. Denial Of Motion to Dismiss**

In his first argument on appeal, Defendant contends the trial court erred by denying his motion to dismiss the robbery with a dangerous weapon charge because the evidence did not support the State's theory that Defendant acted in concert with

Ms. Cannoy or that he used force concomitant with the taking of property. We disagree.

"When a defendant moves to dismiss a charge against him on the ground of insufficiency of the evidence, the trial court must determine whether there is substantial evidence of each essential element of the offense charged and of the defendant being the perpetrator of the offense." *State v. Garcia*, 358 N.C. 382, 412, 597 S.E.2d 724, 746 (2004) (citation and quotation marks omitted), *cert. denied*, 543 U.S. 1156, 161 L.Ed.2d 122 (2005). "In reviewing challenges to the sufficiency of evidence, [the appellate court] must view the evidence in the light most favorable to the State, giving the State the benefit of all reasonable inferences." *State v. Scott*, 356 N.C. 591, 596, 573 S.E.2d 866, 869 (2002) (citation omitted).

The first part of Defendant's argument is that the State offered insufficient evidence that he acted in concert with Ms. Cannoy. "To act in concert means to act together, in harmony or in conjunction one with another pursuant to a common plan or purpose." *State v. Joyner*, 297 N.C. 349, 356, 255 S.E.2d 390, 395 (1979) (citation omitted). "[I]f two persons join in a purpose to commit a crime, each of them, if actually or constructively present, is not only guilty as a principal if the

other commits that particular crime, but he is also guilty of any other crime committed by the other in pursuance of the common purpose . . . or as a natural or probable consequence thereof." *State v. Erlewine*, 328 N.C. 626, 637, 403 S.E.2d 280, 286 (1991) (citation and quotation marks omitted).

Viewed in the light most favorable to the State, there was ample evidence that Defendant acted in concert with Ms. Cannoy to commit the robbery. The State introduced evidence that Defendant arrived at the store with Ms. Cannoy, moved through the store with Ms. Cannoy as she took items, left the store with Ms. Cannoy without paying for those items, and then threatened Ms. Lopez with a knife in response to her confrontation about the stolen merchandise. Ms. Cannoy also testified that she and Defendant frequently stole items from stores together, and that Defendant knew she was taking the items from the store. We conclude that this constituted sufficient evidence of concerted action.

The second part of Defendant's argument is that the evidence did not establish that his use of force was concomitant with the taking of property. "To obtain a conviction for the offense of armed robbery, the State must prove three elements: (1) the unlawful taking or attempted taking of personal property

from another; (2) the possession, use or threatened use of firearms or other dangerous weapon, implement or means; and (3) danger or threat to the life of the victim." *In re Stowe*, 118 N.C. App. 662, 664, 456 S.E.2d 336, 338 (1995) (citation and quotation marks omitted); *see also* N.C. Gen. Stat. § 14-87 (2011).

The element of violence must precede or be concomitant with the taking in order for the crime of robbery with a dangerous weapon to be committed. The taking is not complete until the thief removes the property from the victim's possession. *State v. Sumpter*, 318 N.C. 102, 111, 347 S.E.2d 396, 401 (1986). "Property is in the legal possession of a person if it is under the protection of that person." *State v. Bellamy*, 159 N.C. App. 143, 149, 582 S.E.2d 663, 668, *cert. denied*, 357 N.C. 579, 589 S.E.2d 130 (2003) (citation omitted). "Thus, just because a thief has physically taken an item does not mean that its rightful owner no longer has possession of it." *State v. Barnes*, 125 N.C. App. 75, 79, 479 S.E.2d 236, 238, *aff'd per curiam*, 347 N.C. 350, 492 S.E.2d 355 (1997). As a result, this Court has held that a robbery occurs when the taking of property and violent acts are part of a "continuous transaction," even if the violence occurs after the Defendant has physically taken the

property. *State v. Porter*, 198 N.C. App. 183, 188, 679 S.E.2d 167, 170 (2009).

Once again, viewed in the light most favorable to the State, the evidence was sufficient to withstand Defendant's motion to dismiss. Ms. Lopez confronted Defendant and Ms. Cannoy about having taken the stolen merchandise immediately after they exited the store. Defendant responded to her inquiry by knocking the phone from her hand and placing a knife against her forehead. Defendant's actions and threat of violence caused Ms. Lopez to retreat to the store before calling for help. Accordingly, we hold that there was sufficient evidence to support the trial court's denial of Defendant's motion to dismiss the robbery with a dangerous weapon charge.

## II. Determination of Defendant's Prior Record Level

In Defendant's final argument, he contends the trial court erred by including points for Virginia offenses in its prior record level calculation where the State failed to present sufficient evidence that those offenses were substantially similar to North Carolina offenses. The State concedes that it cannot distinguish this case from *State v. Burgess*, 216 N.C. App. 54, 715 S.E.2d 867 (2011), and we agree.

In *Burgess*, the defendant stipulated to a prior record level calculation that was based on the State's proffered prior record level worksheet, which included offenses from other jurisdictions. The State offered no further evidence to support the trial court's prior record level calculation. *Id.* at 57, 715 S.E.2d at 870. We held that the State failed to meet its burden of proof under N.C. Gen. Stat. § 15A-1340.14(e) and *State v. Hanton*, 175 N.C. App. 250, 623 S.E.2d 600 (2006), because a defendant cannot stipulate to the issue of whether out-of-state convictions were substantially similar to North Carolina offenses. Accordingly, we remanded for resentencing. *Id*. at 252, 623 S.E.2d at 602.

Similarly, here Defendant stipulated to the contents of the State's prior record level worksheet through counsel. All seven of Defendant's prior record level points were based on Virginia offenses. Three of those points were assigned for Class 1 misdemeanors, and the State offered no further evidence that they were substantially similar to North Carolina Class 1 misdemeanors. The default classification for misdemeanors from another jurisdiction, in the absence of such evidence, is Class 3. N.C. Gen. Stat. § 15A-1340.14(e) (2011). Without the three points improperly assigned for those misdemeanors based on

Defendant's ineffective stipulation, Defendant's prior record level would be II rather than III.  N.C. Gen. Stat. § 15A-1340.14(c).  Accordingly, we must remand for resentencing. *Burgess*, 216 N.C. App. at 57, 715 S.E.2d at 870.

## Conclusion

For the reasons stated above, we find that Defendant received a fair trial free from prejudicial error but remand for a new sentencing hearing.

NO ERROR IN PART; REMANDED FOR RESENTENCING.

Judges McGEE and ELMORE concur.

Report per Rule 30(e).