IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA16-700

 Filed: 6 June 2017

Durham County, Nos. 12 CRS 062729, 13 CRS 000068

STATE OF NORTH CAROLINA

 v.

CARLOS ANTONIO RILEY JR., Defendant.

 Appeal by defendant from judgment entered 14 August 2015, as amended 11

September 2015, by Judge James K. Roberson in Durham County Superior Court.

Heard in the Court of Appeals 22 February 2017.

 Attorney General Joshua H. Stein, by Assistant Attorney General Kimberly N.
 Callahan, for the State.

 Appellate Defender Glenn Gerding, by Assistant Appellate Defender Emily H.
 Davis, for defendant-appellant.

 ELMORE, Judge.

 Carlos Antonio Riley Jr. (defendant) pleaded guilty to possession of a firearm

by a felon and was convicted of common law robbery upon evidence that he fled a

traffic stop with an officer’s badge, handcuffs, cell phone, and service weapon

following an altercation with the officer. At sentencing, the trial court assigned four

points to defendant’s prior federal conviction, felon in possession of a firearm, which

was listed as a Class G felony on the worksheet. He was sentenced as a prior record

level IV offender.
 STATE V. RILEY

 Opinion of the Court

 On appeal, defendant argues that he is entitled to a new sentencing hearing

because the State failed to prove his federal conviction was “substantially similar” to

a Class G felony in North Carolina. To the extent that the State failed to meet its

burden of proof, any resulting error was harmless. The record contains sufficient

information for this Court to determine that the federal offense of being a felon in

possession of a firearm, 18 U.S.C. § 922(g)(1), is substantially similar to the North

Carolina offense of possession of a firearm by a felon, N.C. Gen. Stat. § 14-415.1(a), a

Class G felony.

 At defendant’s request, we have also reviewed the sealed records from

Professional Standards Division of the Durham Police Department to determine if

the trial court, after its in camera review, provided defendant with all exculpatory

material in the records. Based upon our own review and our understanding of the

evidence to which defendant had access, we have not discovered any Brady evidence

in the sealed records which was not produced to defendant.

 I. Background

 The State’s evidence tended to show the following: On 18 December 2012,

Officer Kelly Stewart of the Durham Police Department was on patrol in a high drug

crime area when he observed a vehicle parked alongside the curb near an

intersection. A black male was standing outside the vehicle on the passenger’s side.

As the man walked away, the driver took off, burning rubber and fishtailing down

 -2-
 STATE V. RILEY

 Opinion of the Court

the road. Officer Stewart activated his blue lights in his unmarked patrol car and

pulled the vehicle over.

 Officer Stewart exited his patrol car and approached the driver’s side of the

vehicle. Defendant, the sole occupant, was in the driver’s seat. In the course of the

traffic stop, Officer Stewart noticed that defendant appeared nervous and repeatedly

reached down to the floorboard. He ordered defendant out of the vehicle, placed his

license and registration on the roof, and frisked him for weapons to confirm that he

was unarmed. After the frisk, defendant took his license and registration off the roof

of the vehicle and put them in his pants pocket. When Officer Stewart told defendant

that he was not yet free to leave, defendant jumped back into his vehicle and revved

the engine. Officer Stewart followed defendant into the vehicle and pulled the

emergency brake as defendant started driving away. The two began fighting inside

the vehicle, “going blow for blow” as Officer Stewart told defendant to “stop resisting.”

 During the fight, defendant ripped the officer’s badge off from his neck chain

and knocked away his handcuffs. Positioned on his back with defendant on top of

him, Officer Stewart drew his service weapon. Defendant grabbed the handgun and,

as the two fought for control, Officer Stewart was shot in his right thigh. At that

point, defendant took control of the handgun, pulled the officer out of the vehicle, and

drove away. He was apprehended shortly thereafter. Officer Stewart’s badge,

 -3-
 STATE V. RILEY

 Opinion of the Court

handcuffs, and personal cell phone were eventually recovered elsewhere in Durham

but his service weapon was never found.

 On 7 January 2013, a Durham County grand jury indicted defendant on

charges of possession of a firearm by a felon, careless and reckless driving, assault on

a law enforcement officer inflicting serious injury, assault on a law enforcement

officer with a deadly weapon, robbery with a dangerous weapon, and two counts of

assault with a firearm on a law enforcement officer. A superseding indictment was

issued on 2 March 2015 for robbery with a dangerous weapon and assault on a law

enforcement officer with a deadly weapon.

 Meanwhile, the Professional Standards Division of the Durham Police

Department conducted an internal investigation to determine if Officer Stewart

violated the department’s professional standards during the traffic stop. Upon

defendant’s motion for production of exculpatory evidence, the trial court reviewed

the internal investigation records in camera. At the hearing on defendant’s motion,

defense counsel indicated that he had been provided many, if not all, of the reports

and statements in the sealed records. After its in camera review, the trial court ruled

that there was no evidence in the sealed records “that constitutes exculpatory

material under Brady versus Maryland, or any of its progeny.”

 Before trial, defendant pleaded guilty to “possession of a firearm by a felon” in

violation of N.C. Gen. Stat. § 14-415.1(a). He had also pleaded guilty in federal court

 -4-
 STATE V. RILEY

 Opinion of the Court

on 5 August 2013 for being a “felon in possession of a firearm,” in violation of 18

U.S.C. §§ 922(g)(1) and 924(a)(2), based on conduct arising from the same incident.

Defense counsel explained to the trial court:

 Mr. Riley intends to plead guilty to the possession of a
 firearm by a felon . . . Your Honor. You know the federal
 equivalent he’s pled guilty to, he’s serving a ten-year term,
 so it’s the same admission that he possessed the firearm at
 some point after the incident in the car and that he’s
 pleading guilty to that.

The jury ultimately acquitted defendant on all remaining charges except common law

robbery, of which he was found guilty.

 At sentencing, the trial court determined that it would treat defendant’s

federal conviction as a Class G felony in assigning prior record level points:

 The Court finds . . . [t]hat in our April 2nd, 2015,
 motion/hearing that we had here, there was evidence
 presented of a plea agreement and a judgment in the
 Middle District of North Carolina in case 1:13 CR 122-1 in
 which Mr. Riley pled guilty and was sentenced in federal
 jurisdiction to, among other things, violation of Title 18 of
 the United States Code Section 922(g)(1), which essentially
 says it’s unlawful for any person who has been convicted in
 any court of a crime punishable by imprisonment for a term
 exceeding one year “to ship or transport in interstate or
 foreign commerce, or possess in or affecting commerce, any
 firearm or ammunition; or to receive any firearm or
 ammunition which has been shipped or transported in
 interstate or foreign commerce,” that that is a criminal
 offense that is substantially equivalent to a Class G felony
 of possession of a firearm by a felon in the State of North
 Carolina, which means that I am going to count the points
 related to that plea and conviction in federal court.

 -5-
 STATE V. RILEY

 Opinion of the Court

The court assessed a total of ten prior record level points against defendant, including

four points for his prior federal conviction. At a prior record level IV, defendant was

sentenced in the presumptive range to fifteen to twenty-seven months of

imprisonment for possession of a firearm by a felon, and nineteen to thirty-two

months of imprisonment for common law robbery, set to begin at the expiration of his

first sentence. Defendant gave notice of appeal in open court.

 II. Discussion

 Defendant argues that he is entitled to a new sentencing hearing because the

trial court’s prior record level determination was not supported by the record.

Specifically, defendant contends that the State failed to prove, and no stipulation

established, that defendant’s prior federal conviction was substantially similar to a

Class G felony in North Carolina.

 N.C. Gen. Stat. § 15A-1340.14 (2015) provides direction in calculating a

criminal defendant’s prior record level for felony sentencing. Points are assigned to

each prior felony conviction, depending on its classification. N.C. Gen. Stat. § 15A-

1340.14(b). The total number of points is then used to determine the prior record

level. N.C. Gen. Stat. § 15A-1340.14(a), (c).

 A prior felony conviction in a different jurisdiction is classified according to

subsection (e), which provides in pertinent part:

 Except as otherwise provided in this subsection, a

 -6-
 STATE V. RILEY

 Opinion of the Court

 conviction occurring in a jurisdiction other than North
 Carolina is classified as a Class I felony if the jurisdiction
 in which the offense occurred classifies the offense as a
 felony . . . . If the State proves by the preponderance of the
 evidence that an offense classified as either a misdemeanor
 or a felony in the other jurisdiction is substantially similar
 to an offense in North Carolina that is classified as a Class
 I felony or higher, the conviction is treated as that class of
 felony for assigning prior record level points.

N.C. Gen. Stat. § 15A-1340.14(e).

 The State may prove a defendant’s prior conviction by any of the following

methods:

 (1) Stipulation of the parties.

 (2) An original or copy of the court record of the prior
 conviction.

 (3) A copy of records maintained by the Department of
 Public Safety, the Division of Motor Vehicles, or of the
 Administrative Office of the Courts.

 (4) Any other method found by the court to be reliable.

N.C. Gen. Stat. § 15A-1340.14(f).

 “Whether an out-of-state offense is substantially similar to a North Carolina

offense is a question of law” which requires a comparison of their respective elements.

State v. Burgess, 216 N.C. App. 54, 57, 715 S.E.2d 867, 870 (2011) (citing State v.

Hanton, 175 N.C. App. 250, 254, 623 S.E.2d 600, 604 (2006)); see also State v. Sanders,

367 N.C. 716, 720–21, 766 S.E.2d 331, 333–34 (2014) (holding that Tennessee offense

 -7-
 STATE V. RILEY

 Opinion of the Court

of “domestic assault” was not substantially similar to North Carolina offense of

“assault on a female,” as the Tennessee offense did “not require the victim to be a

female or the assailant to be male and of a certain age”); State v. Hogan, 234 N.C.

App. 218, 229–31, 758 S.E.2d 465, 473–74 (holding that, based on “the disparity in

[their] elements,” the New Jersey offense of “third degree theft” was not substantially

similar to North Carolina offense of “misdemeanor larceny”), writ denied, disc. review

denied, appeal dismissed, 367 N.C. 525, 762 S.E.2d 199 (2014).

 A party may establish the elements of the out-of-state offense by producing

evidence of the applicable statute, including printed copies thereof. State v. Rich, 130

N.C. App. 113, 117, 502 S.E.2d 49, 52 (1998) (citing N.C. Gen. Stat. § 8-3). In Burgess,

we held that the State failed to establish sufficient evidence of the out-of-state

offenses because it was unclear whether the printed copies of the statues offered by

the State reflected the basis for the defendant’s prior out-of-state convictions. 216

N.C. App. at 57–58, 715 S.E.2d at 870. The out-of-state convictions listed “on the

State’s worksheet were not identified by statutes, but only by brief and non-specific

descriptions” which could have described more than one offense in the other

jurisdictions. Id. at 57, 715 S.E.2d at 870 (alterations, citations, and internal

quotation marks omitted). In addition, the copies reflected the 2008 version of the

statutes, and the State “presented no evidence that the statutes were unchanged from

the 1993 and 1994 versions under which defendant had been convicted.” Id. at 58,

 -8-
 STATE V. RILEY

 Opinion of the Court

715 S.E.2d at 870; see also State v. Morgan, 164 N.C. App. 298, 309, 595 S.E.2d 804,

812 (2004) (holding that the State failed to prove the defendant’s prior conviction in

New Jersey was substantially similar to the North Carolina offense where the State

produced a copy of the 2002 New Jersey statute but no evidence that the “statute was

unchanged from the 1987 version under which Defendant was convicted”).

 In this case, the State produced evidence of defendant’s prior federal conviction

through a copy of the federal district court record, which included the plea agreement

and judgment. The judgment reveals that defendant pleaded guilty to one count of

“felon in possession of a firearm” in violation of 18 U.S.C. § 922(g)(1). As the State

concedes, it is not clear from the transcript whether the prosecutor offered a copy of

the federal statute, 18 U.S.C. § 922(g)(1), to the trial court at sentencing. Although

the court appears to have read a portion of the statute into the record, there is no

evidence that the version of § 922(g)(1) relied upon by the trial court was the same

version under which defendant was convicted, or if it was the most recent version,

that the statute remained unchanged since defendant’s conviction.

 To the extent that the State failed to meet its burden of proof at sentencing,

however, the resulting error was harmless. The record contains sufficient

information for this Court to determine that defendant’s prior conviction in federal

court was substantially similar to a Class G felony in North Carolina. Cf. State v.

Henderson, 201 N.C. App. 381, 388, 689 S.E.2d 462, 467 (2009) (remanding for

 -9-
 STATE V. RILEY

 Opinion of the Court

resentencing where this Court “lack[ed] the information necessary to conduct our own

substantial similarity analysis for harmless error purposes”).

 Pursuant to 18 U.S.C. § 922(g)(1), it is unlawful “for any person . . . who has

been convicted in any court of, a crime punishable by imprisonment for a term

exceeding one year . . . to . . . possess in or affecting commerce, any firearm.” 18

U.S.C.A. § 922(g)(1) (2015).1 The federal offense of being a felon in possession of a

firearm requires proof that (1) the defendant had been convicted of a crime

punishable by more than one year in prison, (2) the defendant possessed (3) a firearm,

and (4) the possession was in or affecting commerce.

 Pursuant to N.C. Gen. Stat. § 14-415.1(a), it is unlawful in North Carolina “for

any person who has been convicted of a felony to . . . possess . . . any firearm.” N.C.

Gen. Stat. § 14-415.1(a) (2015).2 The state offense of possession of a firearm by a felon

requires proof that (1) the defendant had been convicted of a felony and (2) thereafter

possessed (3) a firearm. Any person who violates N.C. Gen. Stat. § 14-415.1(a) is

guilty of a Class G felony. Id.

 There are two notable differences between the offenses, the first being the

“interstate commerce” element. This “jurisdictional element” requires “the

government to show that a nexus exists between the firearm and interstate commerce

1 18 U.S.C. § 922(g)(1) remained unchanged from 2012, when defendant was charged, to 2015, when
defendant was tried.
2 N.C. Gen. Stat. § 14-415.1(a) also remained unchanged from 2012 to 2015.

 - 10 -
 STATE V. RILEY

 Opinion of the Court

to obtain a conviction under § 922(g).” United States v. Wells, 98 F.3d 808, 811 (4th

Cir. 1996). It “is typically satisfied by proof that the firearm . . . , or parts of the

firearm, were manufactured in another state or country.” Carl Horn, III, Fourth

Circuit Criminal Handbook § 137, at 280 (2013 ed.); see, e.g., United States v.

Gallimore, 247 F.3d 134, 138 (4th Cir. 2001) (“[T]he Government may establish the

requisite interstate commerce nexus by showing that a firearm was manufactured

outside the state where the defendant possessed it.” (citations omitted)). A conviction

under 18 U.S.C. § 922(g)(1) necessarily includes conduct which would violate N.C.

Gen. Stat. § 14-415.1(a), but not vice versa. If, for example, the firearm was

manufactured within the state, possessed by a felon within the same, and was not

transported by any vehicle of interstate commerce, then possession would

presumably fall short of conduct prohibited by § 922(g)(1). Such a situation seems

unlikely, however, based upon the federal courts’ broad interpretation of “in or

affecting commerce.” See, e.g., United States v. Verna, 113 F.3d 499, 502 (4th Cir.

1997) (“[E]vidence [the defendant] possessed and placed the bomb in an automobile,

which travels the highways of North Carolina if not the federal highway system itself,

is sufficient to fulfill section 922(g)’s requirement that [the defendant] have possessed

the bomb ‘affecting’ interstate commerce.”).

 The second difference concerns the persons subject to punishment. The federal

offense requires that the person have been previously convicted of a crime

 - 11 -
 STATE V. RILEY

 Opinion of the Court

“punishable by imprisonment for a term exceeding one year,” while the North

Carolina offense requires that the person have been previously “convicted of a felony.”

A felony conviction in North Carolina is not necessarily punishable by more than one

year in prison.3 See N.C. Gen. Stat. § 14-1 (2015) (defining “felony” as “a crime which:

[w]as a felony at common law; [i]s or may be punishable by death; [i]s or may be

punishable by imprisonment in the State’s prison; or [i]s denominated as a felony by

statute”); see also N.C. Gen. Stat. § 14-415.1(b) (2015) (defining “conviction,” which

would cause disentitlement under section 14-415.1, “as a final judgment in any case

in which felony punishment, or imprisonment for a term exceeding one year, as the

case may be, is authorized, without regard to the plea entered or to the sentence

imposed” (emphasis added)). If convicted of a Class I felony, a defendant with a prior

record level IV or higher may be imprisoned for a term exceeding one year, but a

defendant with a prior record level III or lower faces only community or intermediate

punishment. N.C. Gen. Stat. § 15A-1340.17 (2015); see also James M. Markham &

Shea Riggsbee Denning, North Carolina Sentencing Handbook, at 22–23 (2014).

Apart from this limited example, however, every other class of felony in North

3 The U.S. Court of Appeals for the Fourth Circuit has held that whether a predicate offense is
“punishable by imprisonment for more than one year” depends on the maximum sentence the
defendant could have actually received given his prior record level and the court’s finding of
aggravating factors, rather than the maximum aggravated sentence that could have hypothetically
been imposed upon a defendant with the highest possible record level. United States v. Simmons, 649
F.3d 237 (4th Cir. 2011).

 - 12 -
 STATE V. RILEY

 Opinion of the Court

Carolina is punishable by imprisonment for a term exceeding one year and thus

comports with the element of the federal offense.

 There may be other hypothetical scenarios which highlight the more nuanced

differences between the two offenses. But the subtle distinctions do not override the

almost inescapable conclusion that both offenses criminalize essentially the same

conduct—the possession of firearms by disqualified felons. Both statutes remained

unchanged in the 2012 to 2015 time period, and despite the differences we have

discussed, the federal offense of being a felon in possession of a firearm is

substantially similar to the North Carolina offense of possession of a firearm by a

felon, a Class G felony. The trial court’s prior record level determination was correct.

A. Brady Evidence

 Defendant also requests this Court to review the sealed records to determine

if the trial court, after its in camera review, provided defendant with all exculpatory

material in the records.

 The Supreme Court of the United States held in Brady v. Maryland, 373 U.S.

83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963), that “the suppression by the prosecution

of evidence favorable to an accused upon request violates due process where the

evidence is material either to guilt or to punishment, irrespective of the good faith or

bad faith of the prosecution.” Id. at 87, 83 S. Ct. at 1196–97, 10 L. Ed. 2d at 218.

“Evidence favorable to an accused can be either impeachment evidence or exculpatory

 - 13 -
 STATE V. RILEY

 Opinion of the Court

evidence.” State v. Williams, 362 N.C. 628, 636, 669 S.E.2d 290, 296 (2008) (citing

United States v. Bagley, 473 U.S. 667, 676, 105 S. Ct. 3375, 3380, 87 L. Ed. 2d 481,

490 (1985)). Evidence is “material” if “there is a reasonable probability that, had the

evidence been disclosed to the defense, the result of the proceeding would have been

different. A ‘reasonable probability’ is a probability sufficient to undermine

confidence in the outcome.” Bagley, 473 U.S. at 682, 105 S. Ct. at 3383, 87 L. Ed. 2d

at 494; see also State v. Alston, 307 N.C. 321, 337, 298 S.E.2d 631, 642 (1983) (“In

determining whether the suppression of certain information was violative of the

defendant’s right to due process, the focus should not be on the impact of the

undisclosed evidence on the defendant’s ability to prepare for trial, but rather should

be on the effect of the nondisclosure on the outcome of the trial.” (citations omitted)).

 Defendant included in the record on appeal the transcript from the hearing on

his Brady motion. At the hearing, the trial court identified several pieces of evidence

in the sealed records which may have been helpful to defendant for purposes of cross-

examination. Defense counsel confirmed his own possession of the evidence identified

by the trial court. Based upon our own review and our understanding of the evidence

to which defendant had access, we have not discovered any Brady evidence in the

sealed records which was not produced to defendant.

 III. Conclusion

 - 14 -
 STATE V. RILEY

 Opinion of the Court

 To the extent that the State failed to produce evidence of the prior offense

under which defendant was convicted, the error was harmless. There is sufficient

information in the record to conclude that the federal offense of being a felon in

possession of a firearm is substantially similar to the North Carolina offense of

possession of a firearm by a felon, a Class G felony. We have also reviewed the sealed

records and found no additional evidence therein to which defendant was

constitutionally entitled.

 NO PREJUDICIAL ERROR.

 Judges DIETZ and TYSON concur.

 - 15 -