IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA22-795

Filed 5 December 2023

Guilford County, No. 21 CRS 26185

IN THE MATTER OF: ENOC ALCANTARA

Appeal by Defendant from order entered 16 June 2022 by Judge Mark E. Klass in Guilford County Superior Court. Heard in the Court of Appeals 11 April 2023.

*Attorney General Joshua H. Stein, by Assistant Attorney General Bryan G. Nichols, for the State.*

*Jason Christopher Yoder for defendant-appellant.*

MURPHY, Judge.

To require a person to register for a federal conviction under N.C.G.S. §§ 14-208.6(4)(c) and 14-208.7, the State has the burden to prove by a preponderance of the evidence that a person's federal conviction is for an offense that, if committed in North Carolina, was substantially similar to a sexually violent offense. When the State only offers an out-of-date version of the statute to the trial court, the State does not meet this burden. Here, where the State presented the 2021 version of the statute for a 2003 federal conviction, we vacate the trial court's order requiring Defendant to register as a sex offender and remand for a new registration hearing.

## BACKGROUND

On 22 April 2003, Defendant Enoc Alcantara pled guilty to violating 18 U.S.C. § 2252(a)(4)(a) in the United States District Court for the District of Puerto Rico. He received a 40-month active sentence followed by three years of supervised release. On 20 October 2021, the Guilford County Sheriff's Office notified Defendant of his requirement to register as a sex offender based on his federal conviction pursuant to N.C.G.S. § 14-208.7(a). On 3 November 2021, Defendant filed a petition in Guilford County Superior Court for Judicial Determination of Sex Offender Registration Requirement and was appointed counsel.

On 16 June 2022, the trial court held a hearing on the matter, and Mr. Floyd, Defendant's appointed counsel, requested to withdraw as counsel. The trial court denied Mr. Floyd's request and proceeded with the hearing. At the 16 June hearing, the State presented a copy of Defendant's 2003 federal conviction for sexual exploitation of a minor, a copy of the 2021 version of the charging federal statute, 18 U.S.C. § 2252(a)(4)(a), and a copy of N.C.G.S. § 14-190.17A. The State argued that the federal statute and the North Carolina statute are substantially similar and "almost identical in language," requesting that the trial court order Defendant to register as a sex offender in North Carolina.

After the State presented its evidence and arguments, defense counsel asked the trial court to be heard about his request to withdraw as Defendant's attorney. Defense counsel described the conflict between himself and Defendant, which was followed with a brief exchange between the two:

- 2 -

[COUNSEL]: [Defendant] has given me a couple written motions which I've reviewed and have absolutely no merit in the law . . . It is my opinion that he should have to register as a sex offender.

. . . .

Then he went into wanting me to file other frivolous motions, which I will not do, on his behalf . . . [H]e asked me to withdraw which I'll gladly do . . . But I'm just telling the court . . . he's trying to avoid registering and delaying the court process which I will not do under any circumstance.

. . . .

If [Defendant] thinks he's such a copious student of the law, then, I'd ask the court to find that he forfeited his right to counsel and he can represent himself in this matter. And if he wants to address the court, he's more than welcome.

. . . .

[DEFENDANT]: I wish my attorney to give the court . . . the handwritten motions . . . that I gave him so that we can all be on the same page . . . I want everything transcribed and that the court will be able to see the precise language that I use to raise my points.

. . . .

[COUNSEL]: Judge, I'll be glad to let you review these frivolous motions he's prepared, but . . . it's not my obligation to adopt whatever he writes . . . if he wants to file them on his own behalf, that's fine, but I'm not going to do it.

After hearing from both Defendant and his counsel, the trial court did not acknowledge defense counsel's renewed request to withdraw. The trial court found

the statutes, as submitted by the State, to be substantially similar and that Defendant's "conviction from Puerto Rico fits the requirements of registration . . .." Defendant asked the trial court about raising a federal question on the matter, and defense counsel interjected, saying "[n]ot in state court." After the trial court denied Defendant's request, the following exchange took place:

> [DEFENDANT]: I want to appeal the court decision.
>
> [COURT]: I don't know – I don't even –
>
> [STATE]: Do a little research, Your honor?
>
> [COUNSEL:] I'm not giving notice of appeal. If . . . he wants to give notice of appeal he can do it on his own.
>
> [COURT]: I'll let him do that.
>
> [COUNSEL]: He can do it. I don't have to do it, Your Honor? Your Honor?
>
> [COURT]: No, you don't.
>
> [COUNSEL]: All right. I'm going to withdraw. You . . . want to file a notice of appeal, you can do that on your own behalf. Good luck. We're done.
>
> [DEFENDANT]: Thank you, sir.

The trial court acknowledged defense counsel's motion to withdraw, but only after rendering its order requiring Defendant to register as a sex offender. The trial court entered its order on 16 June 2022. Defendant timely filed a written notice of appeal on 13 July 2022.

## ANALYSIS

On appeal, Defendant challenges the trial court's finding that N.C.G.S. § 14-190.17A(a) is substantially similar to the 2021 version of 18 U.S.C. § 2252(a)(4)(A). Specifically, Defendant argues that the trial court erred when it failed to compare the 2021 version of N.C.G.S. § 14-190.17A with the 2003 version of 18 U.S.C. § 2252(a)(4)(A)—the federal statute under which Defendant was initially convicted.

In the context of criminal sentencing, we have held that "the question of whether a conviction under an out-of-state statute is substantially similar to an offense under North Carolina statutes is a question of law[,]" which we review *de novo*. *State v. Fortney*, 201 N.C. App. 662, 669 (2010). While it is not required "that the statutory wording [of a Federal Statute] precisely match, . . . the offense [must] be 'substantially similar'" to a statute of a particular felony in North Carolina. *State v. Graham*, 379 N.C. 75, 80 (2021) (citation and marks omitted).

However, as recognized by our Supreme Court, we have "consistently held that when evidence of the applicable law is not presented to the trial court, the party seeking a determination of substantial similarity has failed to meet its burden of establishing substantial similarity by a preponderance of the evidence." *State v. Sanders*, 367 N.C. 716, 718 (2014); *see* N.C.G.S. § 14-208.12B(c) (2022) ("At the hearing, the [State] has the burden to prove by a preponderance of the evidence, that the person's out-of-state or federal conviction is for an offense, which if committed in North Carolina, was substantially similar to a sexually violent offense[.]"). In *State v. Burgess,* we held that the State failed to present sufficient evidence of out-of-state

convictions' similarity to North Carolina offenses when, *inter alia,* the State provided copies of the 2008 version of the applicable out-of-state statutes but did not present evidence that the statutes were unchanged from the 1993 and 1994 versions under which the defendant had been convicted. *State v. Burgess,* 216 N.C. App. 54, 57–58 (2011). In *State v. Morgan,* we held that the State failed to meet its burden of proving that the defendant's prior conviction was substantially similar to a North Carolina offense when it offered the 2002 version of the applicable New Jersey statute governing the defendant's 1987 New Jersey conviction, but failed to present any evidence that the statute was unchanged from 1987 to 2002. *State v. Morgan,* 164 N.C. App. 298, 309 (2004). As both the criminal statutes and this civil statute require the State to meet the same burden of proof related to the same type of evidence, we are bound by the reasoning in these opinions.

By failing to present the trial court with the 2003 version of 18 U.S.C. § 2252(a)(4)(A) or evidence that there had not been any changes in the intervening 18 years, the State failed to meet its burden to present sufficient evidence of the applicable statute. The State failed to provide to the trial court such evidence as to allow it to determine that 18 U.S.C. § 2252(a)(4)(A) remained unchanged from 2003 to 2021 and that the federal statute is substantially similar to the North Carolina statute. Accordingly, under *Burgess* and its progeny, we vacate the trial court's order

and remand this issue for a new hearing. "The State and [D]efendant may offer additional evidence at the resentencing hearing." *Burgess*, 216 N.C. App. at 58.[1]

## **CONCLUSION**

We vacate the trial court's order that Defendant be required to register as a sex offender pursuant to N.C.G.S. §§ 14-208.6(4)(c) and 14-208.7. Further, we remand for a new hearing because the State did not meet its burden of proof regarding substantial similarity between the prior federal conviction and the North Carolina statute.

VACATED AND REMANDED.

Judges ZACHARY and CARPENTER concur.

---

[1] Since we vacate the trial court's order that Defendant register as a sex offender and remand this case for a new hearing, we need not address defendant's argument that his trial counsel's actions amounted to ineffective assistance of counsel. *See Burgess*, 216 N.C. App. at 58, n.4.