An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-111

Filed 3 June 2026

Cherokee County, Nos. 19CR050201-190, 19CR050203-190, 19CR050204-190, 19CR050206-190, 19CR050227-190, 19CR050228-190, 19CR050547-190, 19CR050554-190, 21CR001057-190, 24CR004020-190, 24CR004021-190

STATE OF NORTH CAROLINA

       v.

JOSHUA C. HAMPTON, Defendant.


Appeal by defendant from judgments entered on or about 2 April 2024 by Judge Gary M. Gavenus in Superior Court, Cherokee County. Heard in the Court of Appeals 9 September 2025.


*Attorney General Jeff Jackson, by Assistant Attorney General Raymond W. Goodwin, for the State.*

*Appellate Defender Glenn Gerding, by Assistant Appellate Defender Anne M. Gomez, for defendant-appellant.*


STROUD, Judge.


Defendant appeals judgments, contending that the trial court erred in calculating his prior record level. Because the record is insufficient for review, we remand for resentencing.

## I.    Background

On or about 2 April 2024, the trial court entered multiple judgments against Defendant.  Defendant was sentenced as a felony prior record level IV due, in part, to a Florida conviction for home invasion robbery—which the State contended, and the trial court agreed, should be counted like North Carolina Class D armed robbery. Defendant appeals.

## II.    Prior Record Level

In Defendant's only issue on appeal he contends that "because this Court cannot determine from the record if . . . [his] conviction for 'home invasion robbery' is substantially similar to North Carolina robbery with a dangerous weapon, resentencing is required.  Alternatively, the two crimes are not substantially similar and resentencing is required." (Capitalization altered.)

> The prior record level of a felony offender is determined by calculating the sum of the points assigned to each of the offender's prior convictions that the court finds to have been proved in accordance with this section. N.C. Gen. Stat. § 15A-1340.14(a) (2009). The number of prior record points for each class of felony and misdemeanor offense is specified in N.C.G.S. § 15A-1340.14(b). The State bears the burden of proving, by a preponderance of the evidence, that a prior conviction exists and that the offender before the court is the same person as the offender named in the prior conviction. N.C. Gen. Stat. § 15A-1340.14(f). . . .
>
> > except as otherwise provided in this subsection, a conviction occurring in a jurisdiction other than North Carolina is classified as a Class I felony if the jurisdiction in which the offense occurred classifies the

> offense as a felony. . . . If the State proves by the preponderance of the evidence that an offense classified as either a misdemeanor or a felony in the other jurisdiction is substantially similar to an offense in North Carolina that is classified as a Class I felony or higher, the conviction is treated as that class of felony for assigning prior record level points. . . .
>
> N.C. Gen. Stat. § 15A-1340.14(e). Whether an out-of-state offense is substantially similar to a North Carolina offense is a question of law involving comparison of the elements of the out-of-state offense to those of the North Carolina offense.

*State v. Burgess*, 216 N.C. App. 54, 56–57, 715 S.E.2d 867, 869–70 (2011) (quotation marks, brackets, and ellipses omitted).

Defendant first argues that "[b]ecause the exhibits were not entered into evidence, and because the record contains insufficient information regarding the out-of-state conviction for this Court to determine if it is substantially similar to a North Carolina offense, resentencing is required." (Citations, quotation marks, brackets, and ellipses omitted.) At the hearing, the transcript shows the State offered as "Exhibit 1" the certified conviction from Florida, including "about 40 pages that includes the specific charging document" laying "out the offense." The State also presented Exhibit 2, Florida Statute Section 812.13, "the robbery statute," and Exhibit 3, Florida Statute Section 812.135, regarding "home invasion robbery." However, as the State concedes, "[t]he State's exhibits did not make it into the record of the trial court hearing," and despite Defendant's diligent efforts to obtain copies of

the exhibits as presented to the trial court, the exhibits could not be found.

Yet despite the absence of the State's exhibits in our record, the State counters that "[D]efendant has failed to demonstrate that the missing exhibits have resulted in prejudice where the missing exhibits were read and clearly identified by statute number." But the State asks this Court to make assumptions about the missing information we are not allowed to make.

In *State v. Morgan*, this Court recognized that comparing a New Jersey crime to a North Carolina crime for sentencing purposes required knowing both the date of the prior New Jersey conviction and the specific statute in effect on that date:

> The State presented no evidence, however, that the 2002 New Jersey homicide statute was unchanged from the 1987 version under which [the d]efendant was convicted. Because the State failed to show that [the d]efendant's prior conviction was substantially similar to an offense in North Carolina classified as a Class I felony or higher, the trial court erred in sentencing [the d]efendant based upon the prior record level worksheet classifying the [d]efendant's out-of-state felony as a Class F. However, in the interests of justice, both the State and [the] defendant may offer additional evidence at the resentencing hearing.

*State v. Morgan*, 164 N.C. App. 298, 309, 595 S.E.2d 804, 812 (2004) (citations, quotation marks, and brackets omitted).

Here, while the prior record level worksheet shows that Defendant was convicted in Florida in 2000, neither the worksheet nor the transcript identifies when Defendant committed the crime. Further, Florida Statutes Annotated Section 812.135 was amended in 2004, and the record does not indicate which version of the

statute the State presented to the trial court. *See* Fla. Stat. Ann. § 812.135 (West). Accordingly, we remand for resentencing, and "[i]n the interests of justice, both the State and [D]efendant may offer additional evidence at the resentencing hearing." *Id.*

### III.    Conclusion

Because the record is insufficient for review, we remand for resentencing.

REMANDED FOR RESENTENCING.

Judges ARROWOOD and STADING concur.

Report per Rule 30(e).